## COOPER v. LONG et al.

No. 16189—Opinion Filed Jan. 12, 1926.

**1. Partition—Notice to Parties Before Report of Commissioners Not Required.**

The statutes of this state with reference to partition proceedings do not require the commissioners, in order to reach a proper division of the property among the owners thereof, to give notice to the parties before the report on the partition is made.

**2. Same—Discretion in Division—Homestead.**

In partition the evidence held to show a proper exercise of judicial discretion in refusing to allot to one of the parties a particular part of the tract of land on the theory that such portion constituted the homestead of the party so claiming.

**3. Same—Finality of Fair Division by Commissioners.**

The well-settled rule is that the action of commissioners in partition will not be set aside on the ground of unequal allotments except in extreme cases—as where the partition appears to have been made upon wrong principles, or where it is shown by very clear and decided preponderance of evidence that the partition is grossly unequal.

**4. Same—Partition Sustained.**

In a suit for partition, evidence examined, and held to warrant the decision that the commissioners appointed in the proceedings to partition the premises acted fairly and that the partition made by them was equitable.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Murray County; A. C. Barrett, Judge.

Action by Jim Long against Annie Cooper and others. Application by Annie Cooper to set aside the report of commissioners in partition. From judgment denying said application, Annie Cooper brings error. Affirmed.

See, also, 93 Okla. 239, 220 Pac. 610.

Alvin F. Pyeatt and G. G. McVey, for plaintiff in error.

W. N. Lewis, for defendants in error.

Opinion by PINKHAM, C. This action was originally brought by Jim Long, as plaintiff, against the defendant, Annie Cooper, by filing his petition praying for an order partitioning and dividing into equal shares the allotment, describing the same, of one Nancy Cooper, deceased. Summons was issued upon said petition requiring the defendant, Annie Cooper, to appear, and upon her failure to do so, judgment by default was rendered against her, and commissioners were appointed for partition of the land involved. Thereafter, the commissioners qualified, and on the _____ day of May, 1922, reported their partition and division of said land, whereupon the court made a final order approving said partition and division. On the 30th day of May, 1922, the defendant, Annie Cooper, filed a motion to vacate said judgment, which motion was sustained, and she was permitted to and did file her answer to plaintiff's petition. Thereafter, on July 4, 1922, James Cooper, father of deceased child, Nancy Cooper, and former husband of Annie Cooper, filed a motion for permission to intervene, which motion was granted, and the said James Cooper thereafter filed his verified plea of intervention, making parties to said suit E. H. Perry and Boyd B. Horseman. E. H. Perry filed a separate answer and disclaimer of any interest in said action, and the said Boyd B. Horseman filed a separate answer claiming title to said land. Thereafter, the plaintiff, Jim Long, filed his answer to the plea of intervention of James Cooper, and on the 20th day of July, 1922, the plaintiff filed an amended petition. Thereafter, the cause proceeded to trial between the plaintiff, Jim Long, and Annie Cooper, which resulted in a judgment partitioning the land in question between the plaintiff, Long, and the said Annie Cooper. After a motion for new trial was overruled, Annie Cooper appealed to this court (Cooper v. Long, 93 Okla. 239, 220 Pac. 610), and the judgment of the trial court was affirmed and the cause remanded for further proceedings in conformity with the judgment theretofore rendered. Upon return of the mandate and judgment thereon, commissioners were appointed to partition the lands involved, whereupon the said Annie Cooper filed and presented to the district court her motion and application for an order of the court requiring and directing the commissioners appointed to set aside to her that portion of the said land on which

she resided, alleging in her application that she had lived upon it for several years; that it was improved and suited for occupancy as a homestead, and asked the court to equalize the values, if necessary, by a money award, so that she be permitted to keep her home. The trial court stated that it preferred to leave this matter to the consideration of the commissioners appointed, and overruled her application. Thereupon, the commissioners made their report, to which Annie Cooper filed her exceptions, and a hearing was had thereon. At the conclusion of the testimony, the trial court rendered judgment confirming said report and overruling and rejecting the exceptions of the defendant, Annie Cooper. Thereafter, the court, upon the motion of plaintiff, pronounced final decree partitioning and dividing said land between the plaintiff and defendant, to which action and judgment of the court the defendant, Annie Cooper, excepted, and the cause comes regularly on the appeal of Annie Cooper to this court by petition in error and case-made attached.

For reversal of the judgment counsel for plaintiff in error present and discuss two propositions in their brief: First, that "the court erred in denying the plaintiff's application and motion to direct the commissioners to set aside to the plaintiff in error the land occupied by her as a homestead on which she had made valuable improvements"; second, that "the court erred in overruling plaintiff's objections and exceptions to the report of commissioners and in confirming said report. * * *"

That part of the report of the commissioners necessary to be stated is as follows:

"We report that said lands can be partitioned between the two owners of same, to wit: Jim Long and Annie Cooper, without manifest injury. We have divided and partitioned said lands between the two said owners quantity and quality relatively considered, and we have designated the portions of each of said owners as follows: In making said partitions we did allot, assign and set over and do now allot, assign and set over to the plaintiff, Jim Long, all that part of said property, particularly described as follows, to wit: Lots 1 and 2 in section 2, township 1 S., range 2 E, in Murray county, Okla., containing 80 acres, more or less.

"In making said partition we did allot, assign and set over and we do now allot, assign, and set over, to the said Annie Cooper, all that part of said property particularly described as follows, to wit: Southwest 10 acres of lot 4 and the northwest 11.52 acres of lot 4 in section 1, township 1 south, range 2 east, and the south half of the southeast quarter, in section 2, township 1 south, range 2 east. Also the south half of the southeast quarter of the southeast quarter of section 27, township 1 south, range 14 east in Atoka county, Okla. Also the east half of the southwest quarter of the southeast quarter of section 19, township 1 south, range 15 east, in Pushmataha county, Okla. We further recommend that the plaintiff and defendant each pay their pro rata part of costs of this proceeding."

The report was dated May 14, 1924, and was signed by each of the commissioners.

Upon the hearing of the plaintiff in error's exceptions to the report, the testimony of the two commissioners, who were called as witnesses by the plaintiff in error, Annie Cooper, disclosed that each of the commissioners separately estimated the value of the 80-acres set over to Jim Long at $55 an acre, or $4,400, as the value of the tract allotted to him, and that the 100 acres set over to Annie Cooper was estimated to be of the value of $45 per acre, or of the total value of the 100 acres as $4,500; that of the 80 acres allotted to the plaintiff, Long, 30 or 40 acres was tillable land, and the balance was sloping and rocky, and that none of the 80-acre tract was in cultivation. The more serious contention made by counsel for plaintiff in error is that the 80 acres allotted to the plaintiff was the only portion of the entire allotment that had thereon any improvements. The improvements referred to consisted of a small house and a barn, old and in bad repair. The argument is that that portion of the land involved containing the said improvements should have been allotted to the plaintiff in error, for the reason, it is said, that it was her homestead and that she had lived continuously there for a number of years; that the plaintiff in error made certain permanent and lasting improvements in the nature of a barn which cost her $173.

So far as the contention that that portion of the lands involved—the 80-acre tract awarded to the plaintiff—constituted the plaintiff in error's homestead is concerned, it is sufficient to say that the record discloses that the plaintiff in error has her homestead allotment intact in the neighborhood of the town of Davis, not far distant from where the 80-acre tract is located; that she lived for a number of years upon her own allotted homestead, but resided with her daughter, Nancy Cooper, for a time prior to and at the time of Nancy Cooper's death. After the death of Nancy Cooper, the plaintiff in error resided occasionally at her deceased daughter's home.

on the 80-acre tract in question, but for the greater part of the time resided with her brother, whose home was some distance away from the said 80-acre tract. It further appears that the plaintiff in error had three minor children, aged respectively 20, 18 and 14, who, for the greater part of the time, attended government schools, and upon their return from these schools resided with the plaintiff in error on this 80-acre tract. On the hearing in the instant case the plaintiff in error testified that 70 acres of her individual homestead allotment was in cultivation; that the same was not, at the time of the hearing, rented, and that she could not rent it for a cash return.

This court, in Cooper v. Long, supra, passed directly upon this question with reference to the plaintiff in error's contention that the allotted lands of Nancy Cooper, deceased, which were inherited in part by the plaintiff in error, constituted her homestead, in the following language:

"But from an examination of the record we find that Annie Cooper (plaintiff in error herein) had a homestead in the neighborhood of Davis, not far distant from where this property is located, * * * and while the same is temporarily rented, there is no contention that she has abandoned it, and we think that this fact, which is undisputed, is sufficient to preclude her from making any claim of a homestead upon the inherited lands of her daughter to the exclusion of other cotenants."

Section 485, C. S. 1921, provides that:

"For good and sufficient reasons appearing to the court, the commissioners may be directed to allot particular portions to any one of the parties."

In the instant case counsel for plaintiff in error sought to have the court direct the commissioners to allot a certain portion of the lands in question to plaintiff in error on the theory that she occupied such portion as her homestead. This the court declined to do and this action of the court is assigned as error. We are clearly of the opinion that the refusal of the court to direct the commissioners to set aside to the plaintiff in error that portion of the land claimed by her as her homestead was, in view of the undisputed facts of the case, a proper exercise of judicial discretion conferred upon the court by the provisions of the above statute.

Under the second proposition it is argued that the plaintiff in error desired to be present at the time the partition was made, and to offer evidence before the commissioners as to material facts necessary to be considered by the commissioners in order to reach a proper division of the property in question, and further that notice should have been given to the parties before the report on the partition was made. In other words, the proposition of counsel for plaintiff in error seems to be that the commissioners, before making their report, should have had a hearing at which evidence should have been received. The statutes of this state with reference to partition proceedings do not contemplate the procedure contended for. The commissioners have no authority to summons witnesses and to hear and determine controverted questions.

Section 487, C. S. 1921, provides:

"The commissioners shall make partition of the property among the parties according to their respective interests if such partition can be made without manifest injury. But if such partition cannot be made, the commissioners shall make a valuation and appraisement of the property. They shall make a report of their proceedings to the court forthwith."

Section 488, C. S. 1921, provides that:

"Any party may file exceptions to the report of the commissioners and the court may, for good cause, set aside such report, and appoint other commissioners, or refer the matter back to the same commissioners."

In the case of Field v. Leiter (Wyo.) 90 Pac. 379, it is said in the opinion at page 391:

"The well-settled rule is that the action of commissioners in partition will not be set aside on the ground of unequal allotments, except in extreme cases—as where the partition appears to have been made upon wrong principles, or where it is shown by very clear and decided preponderance of evidence that the partition is grossly unequal."

Where a partition has been actually made by commissioners, the court, by its well settled practice, interferes with their action with great reluctance. It is only where a clear mistake has been made that their proceedings will be interfered with. Bentley v. Long Dock Co., 14 N. J. Eq. 480.

As before stated, two of the commissioners testified that the value of the 80 acres of land allotted to Jim Long was $4,400, and that the value of the 100 acres of Murray county land allotted to Annie Cooper was $4,500, in addition to which she was also given the two other tracts of land located in Atoka and Pushmataha counties. This is all of the evidence in the record with reference to the valuation of the land. That the 100 acres given to the plaintiff in error are of greater value than the 80 acres given the plaintiff, Jim Long, we think clearly appears from the evidence disclosed by

the record; and that the finding of the trial court, that the partition of the property in question, as made by the commissioners, was fair and equitable, is clearly sustained by the evidence.

The value of the old barn, which was the only improvement placed upon the 80-acre tract by defendant, and which originally cost $173, must be deemed to have been considered by the commissioners at its depreciated value and to have been compensated for in their award by the excess value of the moiety awarded to her over the value of the moiety awarded plaintiff.

A careful examination of the entire record leads us to the conclusion that the trial court properly concluded that the exceptions to the commissioners' report had not been sustained.

Finding no error in the record, we think the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 30 Cyc. p. 259 (Anno). (2, 3) 30 Cyc. p. 262 (Anno). (4) 30 Cyc. p. 261.