## Kentucky Bell Corporation v. Moss et al.

October 7, 1949.

Robert. R. Boone for appellant.

E. B. Wilson for appellees.

JUDGE LATIMER—Affirming.

Appellant, Kentucky Bell Corporation, is the owner of a ½ undivided interest in the minerals underlying an approximate 200 acre tract of land. Of the remaining ½ the heirs of M. J. Moss and John H. Wilson own an undivided ¼ interest respectively.

This action was instituted by the heirs of M. J. Moss against the other co-owners for a sale of the mineral rights on the ground of indivisibility. Appellant, Kentucky Bell Corporation, is objecting to the sale and asks that it have set off to it, or partitioned to it ½ of the property pursuant to Kentucky Civil Code of Practice, sec. 494, Paragraph 7.

The issue then is whether the property in dispute should be sold as a whole and the proceeds divided among the various parties according to their respective

interests pursuant to the Civil Code of Practice, sec. 490, or partitioned in accordance with appellant's contention.

To begin with it is just a little difficult to understand the zeal of appellant in its opposition to the sale of the mineral rights on the ground of indivisibility. It zealously seeks a partition of these mineral rights and asks that the court set off to it that which it says has no value. The President of the Company when asked pointedly why he desired partioning replied: "I would keep it as an heirloom and some day probably turn it over to the local people up there to get out their coal."

. .Appellant in brief says there can be no inequality caused by alloting one owner his share of the property for "no matter how many times nothing is divided the answer will always be nothing; and it is difficult to conceive how the value of one part of property commercially worth nothing can be materially impaired in value by an allotment of another proportionate part of that property." Yet strenuous effort is made to prevent the sale of the whole.

We are in quite agreement with appellant that it makes no difference whether the property sought to be divided is of little or great value, and as is said in Willis's Thornton on Oil and Gas, Section 436, "All things being equal, as between a partition and a sale, a partition will be decreed." Consequently, all things being equal, the existing form of inheritance will not be disturbed, nor will a person be compelled to sell his property against his will. See Trimble v. Kentucky River Coal Corp., 235 Ky. 301, 31 S. W. 2d 367.

Appellant, apparently, resting its case primarily on the case of Tuggle et al. v. Davis et al., 292 Ky. 27, 165 S. W. 2d 844, 143 A. L. R. 1087, insists that mineral lands are partitionable as any other property, and unless some material impairment of the value of the respective own-ers will result by virtue of the division, such property will be divided. We are still of the opinion that the rules as enunciated in the Tuggle case are correct and proper. But, an analysis of that case will show that the rules laid down therein are not and cannot be. controlling in the instant case, the fundamental difference being that in the Tuggle case the parties were owners of the sur-

face. That is not the situation here. The primary objective in the Tuggle case was the partition of the land. The mineral right was merely incidental. Due to the unmarketability of the coal, the absence of any prospect of development thereon, and the apparent evenness or fair distribution of the coal seams in the land involved, partition would not apparently operate to the disadvantage of any undivided interest. Those objecting to partition were undertaking to oppose that division by invoking an abstract rule that mining property is deemed not susceptible of partition by area. This seems to be the rule where there is an apparent uneven distribution of the minerals, particularly true where there is known to be oil and gas. Partition of mining property will be decreed unless the mineral is so situated that a probable fair division of it cannot be made without prejudice to any of the owners.

On the other hand, appellees call attention to the fact that a digest of the evidence will show, among other things, that not only the surface overlying the minerals involved herein, but also the surrounding surface is owned by others; that the value of the coal in the mineral tract is problematic; that the tract has not been core-drilled to show equal distribution of the seams; that the mineral tract is cut off from access to the road and railroad by other properties; that it would cost more to divide the property than it is worth; and that it would be impossible to divide the land as desired by appellant, due to its inaccessibility and the roughness of the surface. Each of the above enter into and is determinative of the question as to whether or not a partition can be made without materially affecting or prejudicing the rights of the other co-owners.

It appears to us that the chancellor properly concluded that the property could not be partitioned and ordered the sale of the whole.

Wherefore, the judgment is affirmed.