SMITH v. NORTON et al.

No. 34782. March 25, 1952.

Rehearing Denied May 6, 1952.

*243 P. 2d 980.*

Everest, McKenzie, Gibbens & Crawford, Oklahoma City, for plaintiff in error.

Dudley, Duvall & Dudley, by J. B. Dudley, and Lee Gill, Oklahoma City for defendants in error.

WELCH, J. In plaintiff's action for partition of real estate commissioners were duly appointed who made report that the land could not be divided among the various owners thereof, or that partition in kind could not be made without manifest injury to each of the parties owning interests therein, and they reported their appraisement of the fair value of the land involved.

Plaintiff, the undisputed owner of an undivided one-half interest in the land, preferred partition in kind and filed her objections to the commissioners' report. One of the three commissioners was of the view that the land might be partitioned in kind and he so recommended, but the other two commissioners joined in the report above referred to, and that report by the two commissioners is the commissioners' report herein referred to and considered. Since all three commissioners viewed the premises and participated in the deliberations, the report approved by two of them is sufficient. That general rule is stated in 68 C.J.S. 263, §159, and no contrary authority is cited.

It was plaintiff's position that the land ought to be partitioned in kind, and that nowithstanding the commissioners' report the land could be partitioned in kind without manifest injury to the several parties owning the various interest in the land. It was the position of defendants that the land could not be so partitioned in kind without manifest injury to the parties, and that the commissioners' report to that effect should be approved.

Issue was joined on these conflicting contentions of the parties and the cause was tried with a number of witnesses and with documentary evidence on each side. At conclusion of the trial the trial court found generally in favor of the defendants, that the land could not be partitioned in kind without manifest injury to each of the parties owning an interest in the land, and approved the report of the commissioners and ordered the land sold.

Decision of the case turns on the question whether the evidence sustains the judgment rendered by the trial court.

The parties agree in their briefs that the action in so far as concerns the dispute here involved is in the nature of an action of equitable cognizance. Plaintiff citing on that point the case of Wolfe v. Stanford, 179 Okla. 27, 64 P. 2d 335, and the defendants citing on that point Hargis v. Hargis, 181 Okla. 377, 73 P. 2d 1129.

Both parties in their briefs cite former decisions of this court to the effect that is an action subject to the rule of actions of equitable cognizance, this court should review the evidence, when challenged, and consider the whole record and weigh the evidence and dispose of the case on decision whether the trial court judgment is sustained by the evidence or is clearly against the weight of the evidence. Crabtree et ux. v. Standard Savings & Loan Ass'n, 187 Okla. 189, 102 P. 2d 127; Wilkerson v. Wilkerson, 169 Okla. 232, 36 P. 2d 935. In reviewing the evidence we note the rule stated in Sting v. Beckham, 94 C. A. 2d 823, 211 P. 2d 586, as follows:

"Character and location of property is itself evidence from which a court may infer that partition in kind cannot be made without great prejudice to the owners."

The land involved is a tract of 160 acres less highway rights of way which reduced the surface to approximately 137 acres. The land is located very near to Oklahoma City. The quarter

section is crossed by two wide highways, one extending from near the southeast corner straight northwest across the quarter section, and the other highway curbing across the quarter section from near the middle of the south line to near the middle of the north line. The two highways cross south of the center of the quarter section dividing the quarter section into four tracts, but the tracts are nothing like equal in area, and each is an awkward tract, or a tract of irregular shape. The land agriculturally is useful as pasture land and for that use only would not be of great value, but by reason of its proximity to Oklahoma City the land is quite valuable for municipal subdivision purposes. Some of the land is well favored by principal thoroughfares, while other portions of the land are not thus favored. Likewise, some portions of the land are favored by adjacent paving, while other parts are not so favored. Some of the land is substantially lower than other parts and thus not so valuable by itself for any of the practicable purposes, but all parts of the land along with the other parts thereof add to the overall value of the entire for municipal subdivision purposes. There are differences in elevation which favor some parts of the land above other parts, and this feature, as well as the other features mentioned, would naturally interfere with the fair partition of the land in kind. We do not understand, or mean to infer, that the character and location of real estate would necessarily prohibit its partition in kind, but rather to approve and follow the rule that the character and location of property is itself evidence to be considered in weighing the aggregate evidence before the trial court.

In the trial court various witnesses, including one of the commissioners, thought it might be possible to fairly partition the land in kind. But there were other witnesses, including two of the commissioners, who thought this particular tract could not be partitioned in kind without working an injury to each of the persons owning interests in the land. These latter witnesses gave their reasons for the views they expressed, and their oral testimony impresses this court as being at least of equal weight, and probably of greater weight than the contrary oral evidence. And in view of the character and location of the property we are convinced that the greater weight of all the evidence is in favor of the judgment of the trial court approving the report of the commissioners in partition.

The plaintiff cites text authority and decided cases for the rule that partition of the land in kind instead of by sale is preferred. And in that connection we refer to the fact that the same rule is carried forward in the statutes of Oklahoma as it is provided in 12 O. S. 1941 §1509, as follows:

"The commissioners shall make partition of the property among the parties according to their respective interests, if such partition can be made without manifest injury."

But as to that, we have noted that the report of the commissioners and the trial court judgment were based on the finding and conclusion that partition in kind could not be made of this land without manifest injury to the real estate owners.

Plaintiff questions the procedure of the commissioners and refers to certain answers of some of the commissioners as witnesses referring to the manner and method in which they checked the value and the valuable use of the land involved. This objection by plaintiff in final analysis questions whether the commissioners made proper effort to divide the land among the various owners, or to partition the land in kind. There were several questions to the commissioners as witnesses in reference to the use of this land for subdivision development purposes, and whether for that purpose the land would yield more to the owners if sold in one tract than if sold in two, three or four tracts. We do not find that these questions

and answers cast any doubt upon the propriety of the proceedings of the commissioners, nor that they in any-wise disregarded the order of the court in appointing and instructing them as commissioners. We reach that conclusion because a reading of all the evidence of all three commissioners demonstrates to our satisfaction that the commissioners made diligent effort to arrive at a fair division or partition of the land in kind between the various owners, and that they conscientiously arrived at the conclusion of the aforesaid commissioners' report that such division or partition could not be made without manifest injury to each of the various owners.

In plaintiff's behalf reference is made to certain offers or proposals in reference to division having been made to the defendants, or to the commissioners in connection with their efforts to determine whether this land could be partitioned in kind without manifest injury or injustice to the owner parties. No specific reliance is placed thereon as a proposition for reversal, but it is mentioned in the brief. However, on the point we observe this rule states in 68 C. J. S. 205, Note 93, to wit:

"The issue whether or not property . . . may be partitioned in kind . . . cannot be determined by plans of settlement proposed by parties during course of litigation."

No contrary authority is cited.

Plaintiff directs our attention to the rule that where the evidence is equally balanced as to whether a partition in kind of sale of the real estate would be for the best interest of the parties, the court should order partition, and on that point plaintiff cites 47 C. J. p. 443, §436, and Bell Corp. v. Moss, 311 Ky. 114, 223 S. W. 2d 580, but that rule could not apply here as we view the record and as we weigh the evidence.

From the entire record we are convinced that the weight of the evidence clearly sustains the commissioners' report, and the findings of the trial court that the commissioners made proper effort to divide or partition the land in kind, but that in fact this tract of land could not be so divided or partitioned without manifest injury to each of the parties owning interest in the land.

Judgment affirmed.