**William J. DAVENPORT, Appellant,**

**v.**

**NATIONAL CARBIDE COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 21, 1960.

W. C. Edrington, Louisville, for appellant.

Gavin H. Cochran, Peter, Heyburn & Marshall, Louisville, Jo M. Ferguson, Atty. Gen., for appellees.

BIRD, Chief Justice.

The employee, William J. Davenport, appeals from a judgment affirming an award of the Workmen's Compensation Board. He complains principally that the award is wholly inadequate and that there is no evidence of probative value to support one of the Board's most material findings of fact. He also claims that he was prejudiced by certain procedural errors and irregularities committed by the Board before making its final determination.

Let us first consider the procedural question. The Board's referee, Buten, first rendered an opinion awarding compensation to the employee for total permanent disability suffered by reason of a traumatic neurosis beginning on January 27, 1954.

The employer filed a motion for review by the full Board pursuant to KRS 342.280. A few months later and while the case was awaiting action by the full Board, the employer filed a motion to set aside the submission of the case and to permit it to take further proof. In support of this motion the employer filed an affidavit in which it was stated that the employee had asked to be returned to the job held by him at the time he became disabled. It was further asserted in the affidavit that the employee claimed to be so improved that he was able to perform the duties required of him on that job and that he had taken the matter up with the Union Grievance Committee. His statement to the Grievance Committee was also incorporated in the affidavit. Upon this showing the motion to set aside the submission and take further proof was sustained. The employee contends that this procedure did not conform to KRS 342.125 which provides for a review by the Board upon a showing of change of conditions, mistake or fraud. He insists that failure to meet the requirements of that provision of the act constitutes reversible error.

■ It is our opinion that KRS 342.125 is applicable only to the Board's final orders. This case was still pending before the Board and no final decision had been made when the submission was set aside. Failing to meet the requirements of KRS 342.125 was therefore not error.

■■ While the Board's action in setting aside the submission was too hasty, we are unable to say that it acted arbitrarily. Even under KRS 342.125 the Board has large discretion in determining whether a case should be reopened. Clear Fork Coal Company v. Gaylor, Ky., 286 S.W.2d 519. The Board should certainly have no less discretion in matters where statutory conformity is not involved. The averments of the affidavit were sufficient to justify the Board's action.

After the order of submission was set aside and the case reopened for further

testimony, the parties proceeded to take other depositions. The case was finally prepared and again submitted. Thereupon the Board's referee, Funk, rendered an opinion and awarded the employee compensation for temporary partial disability resulting from his traumatic neurosis. The period of temporary partial disability began on January 27, 1954, when he first became disabled from neurosis, and ended November 11, 1955, the day on which he went back to work and began to perform substantially the same duties he performed before the time of his neurosis.

The full Board approved and adopted the referee's findings of fact, conclusions of law, and award, and the circuit court affirmed the Board. Among other things the referee, Funk, found as a matter of fact that the employee was not disabled after November 11, 1955. The employee insists that there is no competent evidence of probative value to warrant this finding of fact and that the Board erred in granting him temporary rather than permanent disability.

■ Upon examination of the record we find the employee admitting that he had declared himself able to perform the duties of the job held by him when he suffered his neurosis. We find that he did go back to work in the same department on November 11, 1955. The employer's safety director testified that the employee performed substantially the same duties that he performed before the time of his disability and that his work was satisfactory. One of the employer's foremen and the production manager made substantially the same statements. Witnesses for the employee testified however that the job, though in the same department, did not require performance of the same duties. These witnesses refer to his job as a mere "push-button" or "handicap" job. While there is a conflict in the testimony we must nevertheless hold that there was sufficient evidence of probative value to justify the controversial finding of fact and we therefore decline to in-

terfere. Jenkins v. Tube Turns, Ky., 321 S.W.2d 48. No other finding of fact is questioned on this appeal.

We find no prejudicial error. The judgment is therefore affirmed.