Lawrence J. DIEHL, Plaintiff in Error,

v.

E. D. HIERONYMUS, Defendant in Error.

No. 41536.

Supreme Court of Oklahoma.

March 28, 1967.

As Corrected March 29, 1967.

Robert P. Kelly, Bruce W. Gambill, Pawhuska, for plaintiff in error.

Rhodes, Crowe, Hieronymus, Holloway & Wilson, Oklahoma City, and Brewer & Worten by Chester A. Brewer and Jesse J. Worten, Bartlesville, for defendant in error.

DAVISON, Justice.

The defendant in error, E. D. Hieronymus (plaintiff below) instituted this action in the lower court against the plaintiff in error, Lawrence J. Diehl (defendant) to secure partition of the Northeast Quarter of Section 31, Township 27 North Range 6 East of the I.M., Osage County, Oklahoma. The parties will be referred to by their trial court designation. It is not controverted that plaintiff owned an undivided three-fourths interest and defendant owned an undivided one-fourth interest in the quarter section of land. The partition action was pursuant to the statutory provisions of 12 O.S.1961, §§ 1501–1516.

The lower court appointed three commissioners to make partition of the land. The commissioners reported that partition could be made, without manifest injury to the parties, and allotted to defendant the northeast quarter (40 acres) of said quarter section and to plaintiff the remaining three quarters (120) acres of the quarter section of land. The defendant filed objections to this report and the court eventually refused to approve the report and discharged the commissioners.

Thereafter, on January 29, 1965, the court appointed new and different commissioners. This appeal presents the question of whether this last order and the report of the commissioners made pursuant to such order are valid and in compliance with the applicable statutes and law.

Defendant contends that said order in essence directed the commissioners that they must make partition in kind, and erroneously instructed the commissioners that in determining whether the property was susceptible to partition in kind they should take into consideration the fact that plaintiff had made offers and proposals to defendant, by which the partition action could be settled, which defendant had refused to accept, all contrary to law. Defendant complains that the effect of the order was to remove from the commissioners any discretion to determine from their inspection of the property that partition in kind would result in manifest injury to the parties. Defendant urges that the order should be vacated and new commissioners appointed, or that the property should be sold at public auction.

The statutes provide that after the interests of the parties have been ascertained (12 O.S.1961, § 1505), "the court shall appoint three commissioners to make partition into the requisite number of shares." (§ 1506), and further provide (§ 1509) as follows:

"The commissioners shall make partition of the property among the parties according to their respective interests, if such partition can be made without manifest injury. But if such partition cannot be made, the commissioners shall make a valuation and appraisement of the property. They shall make a report of their proceedings to the court, forthwith."

The Order Appointing Commissioners now under attack found the interests of the plaintiff and defendant in the surface of the land was as above set out, and then stated in pertinent part as follows:

"* * * Said Commissioners are directed to make partition of the land into two shares. One of which shall consist of a tract containing acreage three-fourths in value of the 160 acre tract and one of which shall consist of a tract containing acreage one-fourth in value of said 160 acre tract.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said commissioners, after taking the Oath as

prescribed by law, shall make partition of the property among the parties according to their respective interests, (that is to say, divide equally in value the 160 acres between the parties, one-fourth and three-fourths) if such partition can be made without manifest injury. But if, and only if, such partition cannot be made in kind, without manifest injury, the commissioners shall in such event make a valuation and appraisement of the property, and the commissioners shall make a report of their proceedings to the Court forthwith.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the commissioners in making partition are informed that partition is defined as follows, to wit:

The dividing of lands, held by the parties hereto as tenants in common, into distinct portions so as to end the common tenancy and vest in each owner title to and use solely in each owner of a distinct separate portion of said land.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the commissioners, in determining whether partition of the surface of the property among the parties according to their respective interests can be made without manifest injury, may consider the fact that the plaintiff, E. D. Hieronymus, has waived any injury which would be sustained by him by permitting defendant to select any quadrate 40-acre tract within the 160-acre tract, and upon defendant's refusal to so select, waives any injury which plaintiff may sustain by having the commissioners set over in partition to the defendant the most valuable quadrate 40-acre tract."

The commissioners filed a report in which they found that partition could be made among the parties according to their respective interests, without manifest injury to the parties, and made the same partition as was made by the first commissioners, alloting to defendant the north-

east 40 acres and to plaintiff the remainder of the quarter section.

The last three appointed and reporting commissioners appeared and testified at the hearing on defendant's objections to the order and report. Their collective testimony was that an improved road extended along the north and east side of the quarter section of land; that the predominant and probably only use of the quarter section was for ranch or grazing purposes and there was a pond on the southeast 40 acres; that the south half (80 acres) sloped more than the north half, and the east half (80 acres) was probably $20 per acre more valuable than the west half; and the northeast 40 acres was from $10 to $20 per acre more valuable than the other three 40 acre tracts. The commissioners further testified that the northeast 40 acres was more desirable by reason of value, topography and location and that, in awarding such tract to defendant, they considered or were influenced by the provision in the order that plaintiff waived any injury by reason of setting over in partition to defendant the most valuable 40 acre tract. There was testimony that a 40 acre tract or even a 160 acre tract was considered too small for a ranching operation, and that a pond would have to be constructed on the northeast 40 acres if it was used for grazing.

It is pointed out that in the report it was stated by the commissioners that partition could be made among the parties without manifest injury, and one commissioner testified specifically to that conclusion and further that "We were to determine if it could be partitioned—and, if it could, to partition it" and therefore the commissioners selected the form of report filed in the cause, rather than the form of report calling for the opposite conclusion and a valuation and appraisement of the property.

█ The prevailing rule is that as between partition in kind or a sale of the land and division of the proceeds, the courts and statutes favor a partition in

kind, if it can be accomplished without manifest injury to the parties. 12 O.S. 1961, § 1509; 68 C.J.S. Partition § 125, p. 186; Wolfe v. Standford, 179 Okl. 27, 64 P.2d 335, 338; Smith v. Norton, 206 Okl. 422, 243 P.2d 980, 982; Prusa v. Cermak, Okl., 414 P.2d 297.

Our statute, 12 O.S.1961, § 1507, states:

"For good and sufficient reasons appearing to the court, the commissioners may be directed to allow particular portions to any one of the parties."

In Wilkerson v. Wilkerson, 169 Okl. 232, 36 P.2d 935, the complaining party owned an undivided one-eighth in 240 acres and the balance of the title was divided among some seven other persons. The trial court ordered partition and directed that if the commissioners found it impossible to partition the land equitably between all the interest holders, then that the commissioners partition one-eighth of the land to the complaining party, as the other owners were willing to own the land in common, but, if the commissioners found it impossible to partition one-eighth of the land, then they were to appraise and value the total of the land. The commissioners found they could partition the land in kind and awarded a described 24⅝₃ acres to the complaining party as his one-eighth interest and left the remaining portion of the property in undivided shares to the other owners. The complaining party urged the partition to him was inadequate and confiscatory of his interest. The decision upheld the partition and noted that although no objection had been made to the order of partition under which the commissioners acted, still the lower court had a perfect right to make such order by reason of the provisions of the statute now appearing as 12 O.S.1961, § 1507, supra.

The circumstances in the cited Wilkerson case are not identical with those now presented in the instant appeal, but there is sufficient similarity to show the authority of the trial court under the cited statute to allot a *portion* to one of the parties if partition can be made without manifest injury to the parties. We observe that the order in the cited case and the order in the instant case informed the commissioners of their duty to determine whether such partition could be made without manifest injury and that they found partition could be made.

In the instant case the evidence clearly shows that the amount of land apportioned to defendant is not in any degree less or inadequate to his undivided interest in the quarter section, and in fact is more than adequate. Plaintiff is not complaining. We can only conclude that defendant's primary interest and purpose was to defeat partition in kind and secure an appraisement and sale of the entire quarter section of land.

In Prusa v. Cermak, supra, it is stated:

"It is generally recognized that the right of a cotenant to partition property is absolute and not to be defeated by the mere unwillingness of a party to have partition."

Defendant cites Collier v. Collier, 184 Okl. 38, 84 P.2d 603, (involving partition of land and mineral interests) for the proposition that whether the whole interests in land could be partitioned in kind, without manifest injury, is in the first instance a matter for the commissioners, and that the court may refuse to adopt their report and appoint others, but cannot substitute his judgment in such matter for that of the commissioners. In view of what we have heretofore stated regarding the authority vested in the court by 12 O.S.1961, § 1507, supra, to direct the commissioners to allot particular *portions* to any one of the parties, it appears there has been no violation of the above rule for the reason that the court still left with the commissioners the determination of whether partition could be made in accordance with the order, without manifest injury. The commissioners performed this duty and the trial court ratified their report.

Defendant further relies on an observation of this court in Smith v. Norton, supra, 206 Okl. 422, 243 P.2d 980, 982, regarding the use of offers or proposals for a division of property to determine whether partition in kind could be made without manifest injury. On this point we referred to a rule appearing in 68 C.J.S. Partition § 131, p. 205, note 93, that such issue cannot be determined by plans of settlement proposed by parties during the course of litigation. The authority furnished for this rule is White v. Smyth, Tex.Civ.App., 214 S.W.2d 953, affirmed 147 Tex. 272, 214 S.W.2d 967, 5 A.L.R.2d 1348. It appears from our examination of this decision that under Texas procedure the issue of partition in kind is determined by trial to a court and jury, and the court stated therein that such issue is determined by the evidence and not by plans of settlement proposed by the parties. This is incorporated in the C.J.S. citation. It also appears that in the Smith case, supra, said proposals were the subject of inquiry or of use in the trial of objections made to the commissioners' report.

The distinguishing feature in the present case is that the lower court, prior to submission of the matter to the commissioners, for what it considered good and sufficient reasons apparently determined that it would exercise the authority vested in it to the end that a just and equitable partition be had between the parties, and there *then* devolved upon the commissioners the duty to make partition among the parties according to their respective interests, "if such partition can be made without manifest injury." It is our conclusion after reading the testimony of the commissioners that they understood the duty and function they were required to perform under the statute. 12 O.S.1961, § 1509, supra.

Our statute, 12 O.S.1961, § 1516, states:

"The court shall have full power to make any order, not inconsistent with the provisions of this article, that may be necessary to make a just and equit-able partition between the parties, and to secure their respective interests."

In Smith v. Norton, supra, we held:

"In a partition action the trial and determination of objections to the commissioners' report is equitable in nature and on appeal will not be disturbed unless it appears that the findings are clearly against the weight of the evidence or that substantial prejudice and injustice results."

See also Cooper v. Long, 115 Okl. 286, 244 P. 167, 46 A.L.R. 343.

From our examination of the entire record and upon consideration of all the facts and circumstances, we are convinced the findings and judgment of the trial court are not clearly against the weight of the evidence and that defendant has not been substantially prejudiced.

Affirmed.

All of the Justices concur.