**ROBINSON TOOL & DIE, INC., et al.,
Appellants,**

v.

**Barbara James GROSS et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1968.

William A. Miller, Louisville, for appellants.

Charles T. Walters, Winchester, for appellees.

DAVIS, Commissioner.

This is a workmen's compensation case involving a claim of the appellee, Barbara Gross, incident to an industrial accident arising out of and in the course of her employment at the plant of Robinson Tool & Die, Inc., an appellant herein. The em-

ployer and its insurance carrier attack the judgment of the circuit court which substantially modified upward an award made by the Board. The exact issues before us will be better understood by a recital of the facts rather than an enumeration of the contentions of the parties.

On January 7, 1964, while operating a punch press for her employer, Mrs. Gross suffered injury to her left hand resulting in amputation of portions of her second and third fingers and injury to her index and little fingers. She and her employer reached an agreement respecting workmen's compensation, which was filed with the Board and became an award of the Board whereby the employer was directed to pay compensation beginning January 8, 1964, and continuing "until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Kentucky."

The employer did pay compensation based on the temporary total disability of Mrs. Gross from the date of injury until she returned to work for the company on April 7, 1964, as of which time the payments were discontinued. So far as the record discloses, Mrs. Gross made no complaint of the fact that the compensation payments had been terminated until June 4, 1965, when her employer filed its motion with the Board to reopen the approved agreement on the basis of changed condition. The Board directed that a hearing be had on the motion to reopen, apparently looking toward an ultimate decision whether to reopen. Evidence was adduced by the employer, including medical testimony from Dr. Marion G. Brown, who testified that his estimate of "disability to the hand as a whole as a functioning unit" was 42%, which he computed to result in a disability of 23% to the body as a whole. It is noteworthy that this evidence was presented in behalf of the appellant employer.

The plant manager for the employer testified that Mrs. Gross had returned to work in April 1964 and received the same hourly wage as she had earned prior to the accident. She returned to the same department in which she had formerly served and operated machinery which was described as requiring no different type physical functions than had previously been performed by her. Mrs. Gross voluntarily left her employment on June 29, 1965, on maternity leave; when the plant manager testified on October 26, 1965, she was still on that leave, and according to the manager, he expected her to return at the end of the six months' maternity leave.

The only evidence offered for Mrs. Gross was the deposition of the manager of the Employment Security Office in Winchester, who detailed some of the prerequisites for employment in various industries in the area, including the plant of the appellant employer. The tenor of his evidence related to the reduced occupational opportunities because of the injury.

When the matter came before the Board, it treated the case as having been submitted on its merits rather than on the narrow question of whether a reopening should be ordered. The Board found that the case should be reopened pursuant to KRS 342.-125 and that the agreed award entered February 18, 1964, should be withdrawn and a new award entered, citing Davenport v. National Carbide Company, Ky., 339 S.W. 2d 473. The Board entered its new award by the terms of which it directed payment of $36.40 per week as total temporary disability from January 8, 1964, to April 6, 1964, and provided recovery of $7.59 per week for permanent partial disability during a period not to exceed 400 weeks beginning January 8, 1964. The award contained the statutorily permitted direction that the payments should be increased to $16 per week with payment period accordingly reduced. KRS 342.110(2).

Both employer and employee appealed to the circuit court, where a judgment was entered modifying the Board's award and correcting certain technical errors in amounts to which both parties agreed, but

specifically ruling that the payment period for total disability should continue until the date of the filing of the motion to reopen. After that judgment was entered, the employer filed its motion seeking to have it revised so as to coincide with the Board's ruling that the payments for total temporary disability should cease as of the date when Mrs. Gross returned to work.

In its brief on this appeal the employer urges that the schedule amounts as prescribed by KRS 342.105 should have been adopted by the Board and the court and urges us to order a revision of the award accordingly. We think the employer may not now be heard to raise that point for the first time on appeal, since it was never presented to the Board or the circuit court. Payne v. Hall, Ky., 423 S. W.2d 530; Bartley v. Bartley, Ky., 280 S. W.2d 549.

There is merit, however, in the employer's contention (presented to the trial court) that the trial court erred when it ruled that the payments which had accrued but had not been paid were unaffected by the motion to reopen. That question was put to rest in Scheurich & Fritz Roofing Company v. DeWitt, Ky., 424 S.W.2d 390, decided after the present case had been determined in the circuit court. Upon the authority of the DeWitt case, supra, we must reverse the judgment of the circuit court with directions that the case be remanded to the Workmen's Compensation Board with directions to enter an award permitting recovery of payments of total temporary disability from the date of injury to April 7, 1964, when Mrs. Gross returned to work, subject to the appropriate credit for so much of those payments as have heretofore been made. The award shall then permit recovery for permanent partial disability in the amount prescribed by the circuit court in its original judgment for the period beginning April 8, 1964, and continuing for the statutory period, subject to the usual limitations contained in such awards. Of course, the award shall include appropriate allowances for medical expenses, about which no question is raised on this appeal.

Mrs. Gross contends that the Board had no evidence before it warranting its holding that a change of condition had occurred as of April 7, 1964. It seems to us that the fact of her returning to employment and continuing in it for more than a year furnishes ample basis for the Board's finding. Mrs. Gross also asserts that the Board foreclosed her right to present testimony as to her actual condition when it precipitiously made its award prior to formally ordering a reopening of the case. The short answer to that contention is that Mrs. Gross took no step before the Board looking toward relief from that procedure, so she may not be heard now to complain about it.

The judgment is reversed with directions to enter a new judgment in conformity with the opinion.

All concur.