ADAMS REAL ESTATE CORPORA-
TION, Appellant,

v.

*John WARD et al., Appellees.*

Court of Appeals of Kentucky.

Feb. 20, 1970.

Modified on Denial of Rehearing
Nov. 6, 1970.

O. T. Hinton, Hinton, Hall & Todd,
Pikeville, for appellant.

Edward R. Hays, Baird & Hays, Francis
M. Burke, Francis D. Burke, Pikeville, for
appellees.

STEINFELD, Judge.

Appellant, Adams Real Estate Corpora-
tion (hereinafter Adams), among other
things, sought a sale of land owned jointly
by it and appellee, John Ward, claiming
that the property is indivisible. By answer
and counterclaim Ward pleaded that the
land was capable of division and that the
north portion on which a radio station was
located should be allotted to him. It was
adjudged that the land was divisible, that
the part which contained the residence
should be conveyed to Adams and that the
radio station tract should be conveyed to
Ward. From that judgment Adams ap-
peals. We affirm.

The controversial tract contains 13.60
acres and is in Pikeville. It has 326 feet of
frontage on the highway (U.S. 23), which
is the main street of the town, and 1,145
feet on the Big Sandy River. The other
two boundaries extend from the highway
to the river, the one on the north being 722
feet in length and the one on the south
being 867.91 feet. There is a drain or gul-
ly about 16 feet deep which generally bi-

sects the land and extends from a point near the highway to the river. The frontage on the highway is a deep gully or ravine except for two driveways, one serving the residence and the other the radio station. (There is another tract across the river which was involved in the litigation, but the disposition of it is not questioned on this appeal.)

The land was devised to Gladys Ward by her husband, W. J. Ward, Jr. She died intestate on March 11, 1967, survived by two heirs-at-law, her sons, Jeff and appellee John. During his lifetime the father had erected a large residence on the south portion of this tract with garage, apartment and outbuildings. About four months before her death Mrs. Ward leased to Cumberland Publishing Company (hereinafter Cumberland) for use as a radio station the northern nine acres. The original term was ten years but by amendment the term was extended to December 31, 1979. The agreed rental was $700 per month. A part of the residential property was included in the lease to Cumberland and all of the road frontage except 16 feet, the driveway to the residence, was embraced within the leased area. During the litigation Cumberland offered to eliminate the residential part of the land from the lease and removed from this area the radials extending from its radio tower.

After the death of Mrs. Ward, Stuart Adams, the President of Adams Real Estate Corporation, began negotiating with Jeff and John to purchase the residence property but these negotiations broke down and on July 22, 1967, Jeff sold his undivided one-half interest in the entire tract to Adams for $145,000.

On July 14, 1967, Adams who had purchased about one-fourth of the stock in Cumberland brought suit on the claim of mismanagement, to obtain a receiver and an audit of the books of Cumberland. A receiver was appointed by the circuit court but upon appeal to this court the order was set aside. Cumberland Publishing Co. v. Adams Real Estate Corporation, Ky., 432 S.W.2d 808 (1968).

Testimony and exhibits were introduced by the parties. The trial court entered an interlocutory judgment in which it adjudged the land to be divisible and it appointed three commissioners to divide the property. Two of them recommended the allotment of the south portion including the residence to Adams and the north portion containing the radio station to Ward. The third commissioner reported that the property was indivisible. Exceptions to these reports were filed. A great amount of additional testimony was heard after which the court confirmed the report of the two commissioners and directed the master commissioner to make conveyance according to that report. It also ordered the corporate officers of Cumberland to execute a release to appellant of its leasehold interest in the residential portion of the land.

The first contention of appellant is that the property was not divisible without materially impairing its value. Appellant also argues that the division made, if proper, was not fair and equal. It "* * * concedes that the law favors division as opposed to sale. (Kentucky Bell Corporation v. Moss, 311 Ky. 114, 223 S.W.2d 580 (1949)). But (it says) it is equally clear, important and well settled, that the law provides for a sale of jointly owned property where it appears that a division cannot be made that will give each joint owner his proportionate share, equal, considering four things: (1) Quantity, (2) Quality, (3) Value, and (4) Impairment in the value of the whole. (KRS 389.020(1) (b))."

We deem it unnecessary to report the evidence. Suffice it to say that several qualified witnesses gave testimony pro and con on the subjects of divisibility and value. This proof covered the four considerations and supports the judgments. We discover no error in the adoption of the report made by a majority of the commissioners. The factual findings were not

clearly, if at all, erroneous. That is the test. CR 52.01. Delph v. Daly, Ky., 444 S.W.2d 738 (1969).

■ Appellant says that it was "* * * severely shocked and surprised" when the special judge entered the order and judgment on September 30, 1968. In June 1968, after much testimony had been taken, counsel for appellee announced "That concludes the defendant's case." No effort was made to present additional proof, pleadings or motions and nothing was done below to set aside the judgment. This attack is made for the first time here, therefore, we will not consider it. Payne v. Hall, Ky., 423 S.W.2d 530 (1968); Robinson Tool & Die, Inc. v. Gross, Ky., 432 S.W.2d 443 (1968) and Kentucky & Indiana Terminal Railroad Company v. Martin, Ky., 437 S.W.2d 944 (1968).

■ Lastly, appellant complains that the court erred in refusing to consolidate this case with Adams Real Estate Corporation v. Cumberland Publishing Company, (Cumberland Publishing Co. v. Adams Real Estate Corporation, Ky., 432 S.W.2d 808 (1968)). CR 42.01 authorizes consolidation of actions "* * * involving a common question of law or fact * * *" but consolidation is discretionary with the trial court. Massie v. Salmon, Ky., 277 S.W.2d 49 (1955). It is our opinion that the questions involved in the two cases were not so interrelated as to require consolidation. The trial court did not abuse its discretion in overruling the motion, therefore, this holding will not be disturbed. Skirvin v. Mesta, (CCA 10), 141 F.2d 668 (1944).

The judgment is affirmed.

All concur.