### WYANT v. LEVY et al.

No. 18586.   Opinion Filed Oct. 2, 1928.

Rehearing Denied Dec. 24, 1928.

Royce Wyant, for plaintiff in error.

Chas. E. Wells, for defendants in error.

HEFNER, J. Royce Wyant, as plaintiff, brought this action in the district court of Pottawatomie county to enjoin the defendants Henry Levy and Leon Levy from taking a tax deed to certain property in Shawnee. The following assignments of error are made:

"First. The court erred in overruling plaintiff's demand for a jury to try certain questions of fact.

"Second. The court erred in holding the pretended tax sale certificate legal, when the same was null and void because said certificate was not signed by Geo. K. Hunter, the then county treasurer of said county and state, or any deputy, and because no seal was attached thereto.

"Third. The court erred in excluding the certified copy of taxes levied for 1915 and also erred in holding the .15 mills for a free fair legal as shown by the testimony.

"Fourth. The court erred in holding the notice to take a tax deed in 60 days legal, when the same was signed with the typewriter, as shown by the testimony of the plaintiff in error.

"Fifth. The defendants in error are barred by the statute of limitations from collecting on the void certificate because no effort was made to collect within five years after the same became due."

· The brief of the plaintiff in error contains but four pages and does not comply with Rule 26 of this court.

In paragraph 2 of the syllabus in the case of Brunson v. Emerson, 34 Okla. 211, 124 Pac. 979, this court said:

"This court will not examine the record in search of prejudicial errors which are not clearly pointed out and insisted on in the brief of the complaining party, and it is not enough to assert in general terms that the ruling of the trial court is wrong, for on this the point will not be considered as having been made, but counsel should support the same with argument and citation of authority where possible."

Again, in paragraph 3 of the syllabus in the case of Chestnut & Smith v. Lynch, 84 Okla. 199, 202 Pac. 1018, this court announced a rule as follows:

"A plausible, but not convincing, argument in the brief, unsupported by citation of an authority, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court."

In the second paragraph of the syllabus in the case of Carr v. Seigler, 52 Okla. 485, 153 Pac. 141, this court said:

"Where a plaintiff in error does not support his contention by any authority whatever, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail."

Under the doctrine announced in the above cases, the judgment in the instant case should be, and is accordingly, affirmed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.