## WILKERSON v. WILKERSON et al.

No. 23395.    Oct. 16, 1934.

P. K. Morrill, for plaintiff in error.

Stansell Whiteside, for defendants in error.

PER CURIAM. This action was brought by Will R. Wilkerson et al., who hereinafter will be referred to as plaintiffs, against Fletcher T. Wilkerson, who hereinafter will be referred to as the defendant, and against Mrs. Alice Enos and Carl Wilkerson, who filed their disclaimers in said action.

The plaintiffs filed their petition alleging that they and the defendants were the children and the sole heirs and legatees of R. J. Wilkerson, deceased, who at the time of his death was the owner in fee simple of 240 acres, describing the same, in Jackson county, Okla. R. J. Wilkerson upon his death left a will wherein he decreed to said plaintiffs and the defendant, Fletcher T. Wilkerson, said real estate, subject to a life estate of the widow of the deceased, Mrs. Elizabeth A. Wilkerson, who departed this life on April 2, 1930; that upon the death of said widow, the said land vested in said plaintiffs and the defendant, as follows:

Will R. Wilkerson, an undivided one-eighth (1/8)

Fletcher T. Wilkerson, an undivided one-eighth (1/8)

Mrs. Edna Howard, an undivided one-sixteenth (1/16)

Mrs. Olive (Ollie) Hunt, an undivided one-sixteenth (1/16)

Mrs. Eva Regian, an undivided one-sixteenth (1/16)

Earl Wilkerson, an undivided one-sixteenth (1/16)

Price Wilkerson, an undivided one-fourth (1/4)

Vance Wilkerson, an undivided one-fourth (1/4)

—and that Carl Wilkerson and Mrs. Alice Enos had no right, title, or interest in and to said real estate, they having conveyed their interests given them under their father's will to other heirs. The prayer was that said property be partitioned, decreeing that the interest of each be as above set forth, that commissioners be appointed to make partition, and that in the event said property could not be fairly and impartially divided, the property be sold, that the proceeds be partitioned, and that the costs and attorney fees be apportioned among the parties according to their respective interests. A copy of the final decree in the estate of R. J. Wilkerson, deceased, was attached to said petition.

The defendant, Fletcher Wilkerson, filed his answer admitting the relationship of plaintiffs and defendant in so far as the ownership of said real estate was concerned. He further alleged:

"That said plaintiffs are not entitled to have said land partitioned at this time for the reason that said lands are incapable of being equitably partitioned among said plaintiffs and this defendant, and that no equitable division could be made; that in order to divide said land among plaintiffs and this defendant according to their respective interests, it would be necessary to sell said land and divide the proceeds; that on account of the depressed business conditions now existing, it would be impossible to sell said lands and obtain a fair and equitable price for the same and that a sale of said lands at this time would result in the practical confiscation of plaintiffs' and defendant's interest in the same, and that the court should find that said land is incapable of partition and in equity should not be sold at this time."

A hearing was had upon the issues joined, all parties being present in person and by their attorneys. Evidence was introduced (but the same is not preserved in the record, and is therefore not before this court), and after argument of counsel, the court found that commissioners should be appointed to make partition. No exception was taken to this order by either side. The order of partition, after confirming the interests of each party, recited:

"That partition of said land be made accordingly, and that if said commissioners find that it is impossible to partition said land equitably between all the heirs, then it is ordered that said commissioners proceed to partition one-eighth (1/8) of said land to Fletcher T. Wilkerson, as the remainder of the heirs can or are willing to own said land in common or that they can agreeably dispose of their interest to one of the above heirs.

"It is further ordered that should said commissioners find that it is impossible to partition one-eighth (1/8) of said land, then they will proceed to appraise and value total of said land, and upon taking the oath prescribed by law, said commissioners shall

proceed to make said partition and report the same to this court."

Thereupon the commissioners made their report, which in part reads as follows:

"We found that partition of said property as to plaintiffs and defendant in their respective portions is impossible without great depreciation to each respective share, but we found that partition could be made as between the plaintiffs and defendant, Fletcher T. Wilkerson, without manifest injury to any of said parties and their respective shares, by giving to the defendant, Fletcher T. Wilkerson, the following described property, to wit:

"Twenty-four and five-thirteenths (24 5/13th) acres, to be taken out of the northwest corner of the northwest quarter (N. W. ¼) of section 34, township one (1) north, range twenty-one (21) west of Indian Meridian, as his one-eighth interest of said land and that the remaining portion of said property be left in undivided shares to the plaintiffs.

"We also found that in the event the above partition should not be approved by the court, we have valued and appraised said land as follows, to wit:

"Twenty acres (20) of farming land in cultivation on the north side of the west one-half of the southeast quarter of section twenty-one, township one north, range twenty-one W. I. M.      $800.00

"Sixty acres (60) out of the said eighty above described being in grass land or pasture land,      $480.00

"One-hundred sixty acres at $65 per acre, being the N. W. ¼ of 34, 1 N. 21, W. I. M.      $10,400.00

"Improvements upon the northwest quarter of section thirty-four (34) township one (1) north, range twenty-one (21) west, we appraise at      $1,000.00

"In making the partition of twenty-four and five-thirteenths acres to be given to the said Fletcher T. Wilkerson, we have taken into consideration the value of the improvements amounting to $1,000 and the value of the land as shown above as our appraisement of the entire premises."

Thereafter the defendant filed the following exceptions to report of commissioners:

"Said defendant would show to the court that the amount of land apportioned him by said commissioners is grossly inadequate to the interest of the defendant and that the setting aside of 24 5/13 acres of land amounts to the practical confiscation of the defendant's interest to the real property involved herein for the reason that the body of land consisting of only 24 5/13 acres is practically of no value.

"Defendant would further show to the court that a sale ought to be had of the entire tract of land described in said petition, for only in that way can the undivided interest of the plaintiffs and defendant be handled in order to protect the value of all the said interests."

Then follows the prayer that that part of the commissioners' report setting aside 24 5/13 acres be denied and the entire land be sold upon the appraisement of the commissioners.

The plaintiffs filed their motion to confirm report of the commissioners, and upon these issues testimony was introduced by the parties to said cause. This case was tried before the court without the aid of a jury, after which the court found for the plaintiffs and against the defendant. The commissioners' report and appraisal was confirmed, and the defendant awarded 24 5/13 acres of land to be taken in a square tract out of the northwest corner of the 160-acre tract of land, and the plaintiffs were given the balance of the 240 acres to hold in the portions heretofore set forth and was not divided among them.

The defendant filed his motion for a new trial, which was by the court overruled, and exceptions saved and notice of appeal given.

The defendant, in his petition in error, complains of the order and judgment of the court and assigns eight assignments of error, of which assignments Nos. 2, 3, 4, and 5 he argues under the "error of the court based upon the fact that the court's decree and judgment is inequitable and contrary to the clear and decided preponderance of the evidence."

The defendant, after quoting a great deal of the evidence, says:

"The overwhelming testimony and evidence is that the plaintiff in error (defendant below) has been awarded but 24 and five-thirteenths acres of raw pasture land, as his one-eighth interest in 240 acres of land, and that the land awarded to him is the poorest land in the entire quarter section from which it is taken. * * * we submit that by the very clear and decided preponderance of the evidence that the partition is grossly unequal."

We have carefully examined all the evidence introduced by both parties, and find that the judgment of the court is not inequitable and contrary to the clear and decided preponderance of the evidence. We are clearly of the opinion that the commissioners in partition did make an impartial al-

lotment to the defendant, but, under all of the evidence, were very fair to said defendant. The partition was not made upon wrong principles, and it was not shown by clear and decided preponderance of the evidence that the partition was grossly unequal.

"The well-settled rule is that the action of commissioners in partition will not be set aside on the ground of unequal allotments except in extreme cases, as where the partition appears to have been made upon wrong principles, or where it is shown by very clear and decided preponderance of evidence that the partition is grossly unequal." Cooper v. Long et al., 115 Okla. 286, 244 P. 167.

The court in its order of partition directed the commissioners to make the partition according to the respective interests of said plaintiffs and defendant, "and if said commissioners find that it is impossible to partition said land equitably between all the heirs, then it is ordered that said commissioners proceed to partition one-eighth of said land to Fletcher T. Wilkerson, as the remainder of the heirs can or are willing to own said land in common, or that they can agreeably dispose of their interests to one of the above heirs." The defendant did not object to the order of partition, and therefore cannot complain on this ground. The court had a perfect right to make such order. Section 755, O. S. 1931, provides that:

"For good and sufficient reasons appearing to the court, the commissioners may be directed to allot particular portions to any one of the parties."

The only argument made by the defendant in his brief is based upon the evidence, without any citation of authorities to sustain the same, except the case of Cooper v. Long et al., supra. While the defendant has tried to make a plausible argument to show that he has been unfairly discriminated against by the award of the commissioners, still it is not convincing enough, without citation of authorities, to warrant the court in setting aside the judgment of the lower court.

"A plausible but not convincing argument in a brief, unsupported by citation of authorities, is not sufficient to overcome the presumption indulged by the Supreme Court in favor of the correctness of the judgment of the trial court." McAlester-Edwards Coal Co. v. Stephenson, 126 Okla. 219, 260 P. 78; Wyant v. Levy, 134 Okla. 39, 272 P. 851; Wyant v. Schuman, 145 Okla. 147, 292 P. 73.

"Where a plaintiff in error does not support his contention by the citation of authorities, if an examination of the record discloses that there is no prejudicial error, and that substantial justice has been done, the judgment will be affirmed without discussing the assignments in detail." Wyant v. Levy, 134 Okla. 39, 272 P. 851.

The defendant discusses the sixth assignment of error:

"Said court erred in confirming and approving the report and order of partition made and returned by the commissioners in partition herein, and in issuing and rendering the court's order and decree of partition pursuant thereto, for the reason that the said report of the commissioners in partition and the said order and decree of the court does not award, appraise, partition, adjudge, or decree to the plaintiff in error a one-eighth part and portion of the real estate which they were by the court appointed to appraise and partition as directed and commanded by the order of said court appointing the said commissioners to make partition herein."

The sole argument is upon the fact that the report of the commissioners shows that the 80 acres was located in section 21, while the petition shows that the 80 acres was located in section 27. It is sufficient for us to say that this point was not called to the court's attention at any stage of the proceedings, or in the motion for a new trial. This is, in our opinion, purely a clerical mistake, and if it had been called to the court's attention, would and should have been corrected. All of the witnesses testified that they were acquainted with the two pieces of real estate and knew the location of the same. This court will not consider questions that do not go to the jurisdiction of the trial court that are raised for the first time in this court. We do not need to cite authorities to sustain this proposition.

Since this case was tried to the court, which had the witnesses before it, and must have known them as well as the land, its location, and the judge of the court lived at Altus, the county seat of the county in which the land is located, we do not believe that the judgment of the trial court should be disturbed.

"In an equitable action, the Supreme Court will weigh the evidence and will affirm the the trial court unless the decree of the trial court is clearly against the weight of the evidence." Bank of Chelsea v. Elam, 167 Okla. 650, 30 P. (2d) 919; Moore v. Moore, 167 Okla. 365, 29 P. (2d) 961; Wheeler v. American Inv. Co., 167 Okla. 558, 31 P. (2d) 117; Hendrix v. Rinehart, 167 Okla. 621, 31 P. (2d) 113.

A careful examination of the entire record leads us to the conclusion that the trial court properly concluded that the exceptions to the commissioner's report had not been sustained.

Finding no error in the record, we think that the judgment should be, and the same is hereby, affirmed.

The Supreme Court acknowledges the aid of Attorneys L. L. Crowley, Leon C. Phillips, and Jos. I. Pitchford in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Crowley, and approved by Mr. Pitchford and Mr. Phillips, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.