## EMERY v. GOFF.

No. 33471.   May 16, 1950.

Rehearing Denied Dec. 12, 1950.

*225 P. 2d 164.*

W. C. Alley, of Okmulgee, for plaintiff in error.

Richard A. Hayes, of Okmulgee, for defendant in error.

PER CURIAM. This appeal requires the construction of an opinion handed down by this court on March 25, 1947, in Emery v. Goff, 198 Okla. 534, 180 P. 2d 174. A. L. Emery has appealed from an order and judgment of the district court of Okmulgee county entered October 6, 1947, denying a written tender by him on July 10, 1947, of the sum of $800 in payment for the interest of Goff in 160 acres of land which was involved in a partition action in which the original judgment was rendered in 1931.

In order to understand the issues involved in the present appeal, we deem it necessary to give a brief summary of the proceedings leading up to the present appeal.

Goff, a minor, inherited 160 acres of land from his mother. Before she died, she made a conveyance of the land to others. The county court of Okmulgee county appointed a guardian for Goff. It appeared to be for the best interest of the minor that an attorney be employed to recover the land. No funds were available to pay an attorney, and the county court approved a contract by which the guardian employed A. L. Emery, an attorney, and agreed to give him an undivided one-half interest in any land recovered, and the guardian also was to pay one-half of the expenses incurred by the attorney. The attorney recovered the entire 160 acres of land, and the court ordered the guardian to convey to Emery an undivided one-half interest.

By 1931 the attorney had incurred expenses chargeable to the guardian of more than $900. Emery filed an ordinary partition action, and a guardian ad litem was appointed to represent Goff. The Commissioners appointed to partition the land found that it was not capable of partition in kind and appraised the entire tract at $1,600. Emery elected to take the half interest of Goff at the appraised value. The court had given Emery judgment for $924.92 against the guardian for expenses, and Emery requested that the $800 to be paid by him for Goff's interest be paid by giving Goff credit for that sum on the judgment. The probate court so ordered, and also ordered the sheriff to execute a deed conveying the half interest of Goff to Emery. This was done in December, 1931.

Within one year after Goff reached his majority, he filed a suit in the district court of Okmulgee county to set aside the above proceedings in the county court, and also the judgment in the partition suit and the sheriff's deed. He obtained judgment as prayed for, giving him all of the land involved. Emery appealed to this court, and in March, 1947, the case was reversed and remanded. In the body of the opinion, this court said:

"Since the attorney's contract was valid and fixed the interest of the attorney in the land when the land was recovered and constituted an equitable conditional assignment to the attorney of such interest, we hold that Emery could maintain the suit for partition and that the decree of partition was valid insofar as it determined that Emery and Goff were each the owner of an undivided interest in the land.

"There is no merit to plaintiff's contention that the district court was without jurisdiction to partition the land in which the minor had an interest. 58 O.S. 1941 §807; Bilby v. Noble, 106 Okla. 302, 234 P. 198.

"The proceedings subsequent to the partition decree were irregular and Emery's deed growing out of the partition suit was void. The court was without power to order the execution of the sheriff's deed to Emery under his election to purchase without requiring the consideration therefor to be paid in cash. The election to purchase could not be legally accomplished by

applying the amount of $924.92 judgment toward the payment of the purchase price.

"The judgment of the trial court is reversed and remanded with directions to render such judgment as will establish plaintiff's and Emery's title to a half interest each in the property involved and to determine the validity of Emery's claim against plaintiff and to determine the other equities and damages between the parties including the amounts the respective parties may be entitled to for improvements or rents."

After the mandate was received, and on July 10, 1947, Emery filed a written tender of $800 in cash for the half interest of Goff in the land, but the trial court refused to receive and accept such tender. Emery has appealed from the order and judgment of the court in refusing his cash tender and contends that judgment should have been rendered in his favor when he made this tender. The tender of cash for the interest of Goff was made about fifteen years after the original partition judgment was entered in 1931.

Emery prays for a construction of the opinion of this court rendered in March, 1947, and complains in his brief that the trial court has misinterpreted that opinion and created a condition which is unfair and inequitable to him.

The trial court appears to have carried out the instructions quoted above, insofar as adjusting the equities between the parties, but denied Emery the right to elect to pay $800 in cash for Goff's interest in the land, as was held necessary in the opinion of this court. The trial court set out no reason for its refusal to accept Emery's cash tender, but we assume that such refusal was based upon the fact that fifteen years had elapsed since the original partition decree was entered, and that the value of the land might have changed materially during this period.

It is not shown on what date the mandate of this court reached the clerk of the trial court, but we assume that the written tender by Emery was made within a reasonable time after the arrival of the mandate, and that it must have arrived prior to July 10, 1947, when the written tender of cash was made.

The principal question before us appears to be whether Emery's right of election still existed when this court ruled that it was necessary for him to make a cash tender, or whether it had expired during the preceding fifteen years.

In the opinion of this court in the case wherein Goff sued Emery to cancel and hold void as being contrary to law, and also for fraud, all of the county court proceedings whereby Emery appeared to acquire an undivided one-half interest in the land, and also to cancel the judgment and proceedings in the partition suit, it was held that each of the parties owned an undivided one-half interest in the land, and that the contract of the attorney with the guardian was valid, as shown by the above quotation from the body of the opinion.

The partition decree was reversed principally because the trial court had permitted Emery to pay for Goff's interest by credit on a money judgment held by Emery against Goff.

Sections 1501 to 1516, 12 O.S. 1941, cover partition proceedings, and section 1516 sets out the power of the trial court in such proceedings as follows:

"The court shall have full power to make any order, not inconsistent with the provisions of this article, that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

Our partition statutes were adopted from the laws of Kansas, and came to us already interpreted by the Supreme Court of that state, in the early case of Scantlin v. Allison, 32 Kan. 375, 4 P. 618; and in the later case of

Fry v. Dewees, 151 Kan. 488, 99 P. 2d 844, that court said:

"It has been held that while an action in partition is a statutory action, the court has substantially the same powers in administering it as were exercised by chancery courts under equity practice, and that the last quoted section of the statute gives the court full power to settle all questions involved on just and equitable principles."

In view of the flexible power vested in the trial court in a partition suit, we think it is clear that the court had full power to settle all of the equities between the parties in the partition action.

Emery states in his brief that the mandate of this court was received by the trial court in the case of Emery v. Goff, supra, and that such equities were all determined and satisfied, and that this appeal is based upon the refusal of the court to accept his cash tender of July 10, 1947. We find no merit in the contention of Goff that Emery is guilty of laches. Neither do we find any merit in his contention that those holding liens against the land in 1947 were necessary parties. Sec. 1503, 12 O. S. 1941, provides that they may be made parties, but does not say that they are necessary parties.

It is true that Emery made a cash tender under his election to take at appraised value within a reasonable time after the mandate of the court had gone down, but fifteen years had elapsed since the date of the partition judgment. In Emery v. Goff, supra, this court held that the partition suit was regular up to the point where the court held that Emery might pay by crediting his judgment; but such a great time has elapsed since the date of the partition judgment and the date of the cash tender by Emery, that it would not be fair to Goff not to allow him to bid for the other half, or to require him to accept an appraised valuation made fifteen years prior to the date of the cash tender, if there has been a substantial change in the value of the land.

The partition proceedings have not been completed, despite the great lapse of time since the partition judgment was entered. It is stated in the brief of Goff that he is willing to have the land partitioned. The trial court has full power to complete the partition proceedings. While Emery has the right to elect to take the interest of Goff at the appraised value, we conclude that a new appraisement should be made if, in the opinion of the trial court, it is necessary. This right is given the trial court in sec. 1510, Title 12, O. S. 1941. Both parties will have the opportunity to exercise their right of election to take each other's interest at the appraised value, or bid higher if necessary. The court should adjust the rights of the parties in accordance with the provisions of our partition statutes above referred to.

Judgment affirmed.

WELCH, CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.