**Ida KEEL et al., Plaintiffs in Error,**

v.

**Ada KEEL, Defendant in Error.**

**No. 42458.**

Supreme Court of Oklahoma.

Sept. 8, 1970.

Rehearing Denied Oct. 20, 1970.

John B. Ogden, Oklahoma City, for plaintiffs in error.

Lambert, Roberts, Jaques & Heard, Ada, for defendant in error.

McINERNEY, Justice.

This is an appeal from a judgment ordering the sale of land held in common ownership by the Keel family in lieu of a partition

in kind to Ada Keel, a sister who instituted the partition action. The lands involved are the original allotments to Billie and Lizzie Keel, husband and wife, and to Leo Keel, their son, all members, now deceased, of the Chickasaw Tribe of Indians. The parties appealing (Defendants) are four children and a granddaughter of Billie and Lizzie Keel. Other parties affected by the judgment are two great-grandchildren, who could not be located, and the Forest Oil Corporation, which holds a small mineral ownership under one of the three tracts.

The allotted lands are situated in Sections 20, 28, and 29, Township 4 North, Range 3 East, in Garvin County, Oklahoma. In dealing with the partition of the three allotments, the trial court designated the Leo Keel allotment in Section 28 as Tract 1, the Lizzie Keel allotment in Section 29 as Tract 2, the surface of the Billie Keel allotment in Section 20 as Tract 3 and the mineral interest therein as Tract 4, and a portion of the Billie Keel allotment in Section 29 as Tract 5. The report of the commissioners found that the tracts could not be partitioned in kind among their owners without grave and manifest injury to them, and gave the designated tracts the following appraised values:

| Tract 1, | $31,500.00 |
| Tract 2, | 25,000.00 |
| Tract 3, | 18,000.00 |
| Tract 4, | 5,000.00 |
| Tract 5, | 1,000.00 |

The allotted lands total 670 acres with an appraised value of $80,500.00. The plaintiff, Ada Keel, owns ⅕th of the total acreage. With the exception of the ⅛th mineral interest in Tract 4 held by Forest Oil Corporation, the entire land is held in common ownership by the Keel family. The grandchildren, whose whereabouts are unknown, have interests ranging from a ¼th to a 5⁄120th in Tracts 2, 3, 4, and 5.

Ada Keel testified that she desired 134 acres, or possibly 130 acres, set apart to her out of Tract 1. Unless the family would agree to this acreage out of this tract, which they did not, then she requested the entire lands "auctioned off". The defendants agreed that Ada Keel could receive in kind the value in acreage of her ⅕th interest in the whole out of Tract 1, or approximately 103 acres based on the higher appraised value of Tract 1. The defendants testified that they desired the balance of the land to remain in common ownership after the partition in kind to Ada Keel of her interest. All parties agreed that the ten acre family cemetery located in Tract 2 should be preserved and maintained as the family burial plot.

The commissioners appointed by the court testified, at a hearing on the defendant's objections to their report, that they could partition in kind to Ada Keel out of Tract 1 her allocate interest in the aggregate acreage of an equal value, but that they had not been instructed, and did not understand, that they could allot a particular portion of one tract to the plaintiff and leave the remaining acreage in the three tracts in common ownership.

■ Consideration of some fundamental legal principles in partition actions is appropriate in view of the circumstances presented here. Partition is effected by virtue of 12 O.S.1961, § 1501 et seq. Although the right to partition is absolute, Diehl v. Hieronymus, Okl., 426 P.2d 368 (1967), partition proceedings are of equitable cognizance, Mauch v. Mauch, Okl., 418 P.2d 941 (1966). Partition in kind is favored, and the court, for good and sufficient reasons, may direct the commissioners to allot a particular portion to any one of the parties. 12 O.S.1961, § 1507; Diehl, supra; Wilkerson v. Wilkerson, 169 Okl. 232, 36 P.2d 935 (1934).

■ It appears to us that the trial court should have exercised its statutory authority under 12 O.S.1961, § 1507, to direct the commissioners to allot to the plaintiff, Ada Keel, her fair share of the property here involved out of the eastern portion of the Leo Keel allotment, Tract 1, if they determined this could be done

without manifest injury to any of the parties. That she should so be allotted her share was the common desire expressed by all those parties who testified at the hearing which resulted in the appointment of the commissioners: The plaintiff, Ada Keel; the defendants, L. C. Keel, and William Keel. Ida Keel and Minta Lee Hooten expressed a similar desire at the hearing on their objections to the report of the commissioners. The only dispute between Ada Keel and the defendants was as to what acreage from the Leo Keel allotment would be the equivalent of Ada Keel's fair share of the whole inheritance.

The evidence further showed that the ancestral Keel family cemetery is located on ten acres of the Lizzie Keel allotment, Tract 2. The location places it in a land-locked position from the highway if it is excepted from the partition sale, as Ada Keel agreed should be done. Her counsel was particular to put this agreement on the record. Yet the partition decree contains no such exception. As a matter of fact, it would be unwise to make such an exception if Tract 2 is to be sold in partition sale. To make the exception effective, a right of way, from Highway 19 south one-fourth of a mile to the cemetery, must be created in perpetuity. Obviously, this right-of-way must be available for the Keel family and their friends and relations to visit the cemetery at all appropriate occasions for resort to a burial ground, not simply on the occurrence of funerals.

Such a right-of-way would make Tract 2 less attractive to a purchaser and would depress the value of this tract. Yet, if this is not done, the Keel family cemetery, with all its hallowed memories, which all members of the family desire to be preserved, is destroyed. Under the decree entered by the district court, this is exactly what will occur. The cemetery tract will be sold as part of Tract 2, with no reservation whatsoever. The report of the commissioners provides no exclusion of the cemetery from the appraised value or provision for a right-of-way through Tract 2.

The expressed desire of the defendants to continue the common ownership after a partition in kind to Ada Keel out of Tract 1 and the existence of this cemetery makes partition through sale most inappropriate. Clearly, the most appropriate order in the light of the circumstances would be an invocation of the court's discretion under 12 O.S.1961, § 1507 to allot to Ada Keel her fair share of the value of the total estate out of the Leo Keel tract in the location she desires, leaving the remainder in common ownership, in conformity to the wishes of all the other heirs who have expressed themselves. Also, this would be in harmony with the preference of this court and the statute for partition in kind if it can be accomplished without manifest injury to the parties. Diehl, supra.

The interests of the absent, presently unlocatable, heirs also will be advantaged by specific allotment to Ada Keel alone from Tract 1, in which they have no interest, rather than by a sale absolute of all tracts. Their ownership of lands in Tracts 2, 3, 4, and 5 would remain unaffected, as would the small mineral ownership of Forest Oil Corporation in Tract 4. The meagre share of the great-grandchildren of the proceeds of a forced sale necessarily would have to be held in the unproductive hands of the district court until, and if, the heirs were located.

These various factors make it to the best interests of all that Ada Keel have set off to her that part of Leo Keel's allotment which represents the value of her share in the entire estate, leaving the remainder of the Leo Keel allotment and all of the remaining tracts in the undivided ownership of the other heirs. These facts were before the district court when it entered its decree.

It clearly appears from the record that the commissioners, had they been so instructed or directed, could and would have made a particular allotment to Ada Keel.

In view of the circumstances recited, we are of the opinion that the district court, in entering its decree, should have fash-

ioned it after that approved by us in Wilkerson v. Wilkerson, 169 Okl. 232, 36 P.2d 935 (1934). The circumstances in *Wilkerson* which were held to justify the allotment of part only of one tract to Fletcher T. Wilkerson, leaving the remainder of three tracts to be held in common by the other heirs, are strikingly similar to those presented here. To the extent of variance, the facts here present stronger equities in favor of a particular allotment to Ada Keel of land equalling her proportionate share.

In like manner, Diehl v. Hieronymus, supra, presents an application of 12 O.S. 1961, § 1507 in such manner as to uphold a division which took account of the higher value of one tract of land over another. The decision thus supports the proposition that the possibility of such an allotment should have been placed before the commissioners. This court in *Diehl* spoke reprovingly of "defendant's primary interest and purpose * * * to defeat partition in kind and secure an appraisement and sale of the entire quarter section of land." The description aptly fits the position taken by plaintiff, Ada Keel, in seeking to force a sale if she cannot get all the land she has demanded, in the exact location demanded. As stated in 40 Am.Jur. 74, § 283:

> "A sale cannot be decreed in partition merely to advance the interests of one of the owners; before ordering a sale, the court must ascertain that the interests of all will be promoted."

We hold, under the present record, that the interests of all are not promoted by acceptance of the commissioner's report, and the judgment rendered in conformity with the report. The report should be vacated, and the commissioners directed to allot Ada Keel in value a particular portion from Tract 1, the Leo Keel allotment, 12 O.S.1961, § 1507, Diehl v. Hieronymus, Okl., 426 P.2d 368 (1967), with instructions that the remainder of the land may be retained in common, Wilkerson v. Wilkerson, 169 Okl. 232, 36 P.2d 935 (1934).

The judgment is reversed and remanded with directions to the trial court to proceed in a manner consistent with the views expressed herein.

IRWIN, C. J., BERRY, V. C. J., and JACKSON and HODGES, JJ., concur.

DAVISON and LAVENDER, JJ., dissent.