Walter C. CHESMORE and Leroy Chesmore, Plaintiffs in Error,

v.

Carl D. CHESMORE and Ruth Chesmore Butler, Defendants in Error.

No. 42875.

Supreme Court of Oklahoma.

April 20, 1971.

York & Berry, by Leon J. York, Stillwater, for plaintiffs in error.

D. O. Cubbage, Cushing, for defendants in error.

McINERNEY, Justice:

The parties to this action are four children who took, as co-tenants, equal one-fourth undivided interests in lands owned by their father when he died many years ago. The lands in question here embrace a continuous tract within Section 15, Township 17 North, Range 4 East (of the Indian Meridian), Payne County, Oklahoma, comprising more particularly the following portions:

The Southeast Quarter (160 acres); the Northeast Quarter of the Southwest Quarter (40 acres); and The East Half

of the Northwest Quarter of the Southwest Quarter (20 acres) ;

totaling 220 acres in all, more or less.

Mrs. Ruth Chesmore Butler, who appears to own also the Southwest Quarter of the Southwest Quarter of Section 15, and her brother, Carl Chesmore, brought suit against their brothers Walter and Leroy Chesmore, for partition, specifically praying that their respective partitioned parcels be awarded to them individually. The answer of Walter and Leroy prayed that their partitioned parcel be awarded them as a co-tenancy; and prayed further that their common parcel after partition should include the family homestead, the barns and other farm improvements, and pond, so as to remain, after partition, economically viable.

Commissioners were appointed and returned their report that the interest of the parties could not be partitioned in kind with mathematical or monetary equality. The Defendants requested the Trial Court to invoke the doctrine of owelty; they sought to be awarded the west 100 acres of the SE/4 in Section 15 and to pay the difference in the appraised value in cash. The trial judge stated that he would be inclined to award owelty, but that " * * * the Court or the commissioners cannot give owelty unless all parties agree to it." The parties could not agree, and the Court ordered the lands sold.

■ The trial judge was correct in his observation that the Oklahoma courts have never treated the doctrine of owelty in conjunction with our partition code, 12 O.S.1961, § 1501 et seq. Owelty is a pecuniary sum awarded to one party in order to equalize the shares of the parties in partition. Sawin v. Osborn, 87 Kan. 828, 126 P. 1074 (1912); 68 C.J.S. Partition § 142, p. 232; 65 A.L.R. 352; American Law of Property, Vol. 2, § 6.26, p. 112. Despite the lack of Oklahoma authority, there is compelling authority holding that owelty obtains under the identical Kansas code from which our partition statutes derive. Sawin, supra.

■ Oklahoma follows the policy of recognizing Kansas decisions as well-nigh conclusive on the interpretation of early Oklahoma statutes adopted from Kansas. State v. District Court of Bryan County, Okl., 290 P.2d 413, 416–417 (1955). Oklahoma partition statutes were adopted from the laws of Kansas. Emery v. Goff, 203 Okl. 618, 620, 225 P.2d 164, 167 (1950). Kansas decisions, particularly as early as 1912, are normally viewed as "peculiarly persuasive" within this jurisdiction, Vanderslice v. Vanderslice, 195 Okl. 496, 498, 159 P.2d 560, 562 (1945). By virtue of the Kansas Supreme Court's authoritative interpretation, in Sawin v. Osborn, supra, of partition statutes obtaining in Oklahoma since our first Territorial legislature, and for, we believe, the essential correctness of the *Sawin* decision, we adopt that case's interpretation for the Oklahoma partition code, 12 O.S.1961, § 1501 et seq., and hold that the doctrine of owelty may obtain in partition proceedings within this State.

■ Although the right to partition is absolute, partition proceedings are one of equitable cognizance, Keel v. Keel, Okl., 475 P.2d 393 (1970), and equitable principles apply. The lands will be partitioned among the parties where it can be equitably done; the property will not be sold and the proceeds divided, except where it is not susceptible of an equitable division. Diehl v. Hieronymus, Okl., 426 P.2d 368 (1967). Partition in kind is favored, and the court, for good and sufficient reasons, may direct the commissioners to allot a particular portion to any one of the parties. 12 O.S.1961, § 1507; Keel, supra; Diehl, supra; Wilkerson v. Wilkerson, 169 Okl. 232, 36 P.2d 935 (1934). In making divisions along natural and practical lines the allotments cannot always be made of equal area or value, and, when an allotment is made to a party which is in excess of his share, the court may require him to pay such excess, which is called owelty, to the other co-tenants. Sawin v. Osborn, supra, 126 P. at page 1075. It would seem more equitable, in a proper case, to require the payment or receipt of a reasonable

sum of money than to require lands to be sold as a whole, where a proportionately small sum is required to equalize the shares. The object of partition is a division of the property; a sale of the lands is justified only when partition in kind, with or without owelty, is impractical.

 The general rule of equity requiring the payment of owelty does not give Defendants an absolute right to receive a share of the land set off to them in kind and pay owelty to equalize the shares awarded to Plaintiffs. Johnson v. Burns, 160 Kan. 104, 159 P.2d 812 (1945). The rule does give the court the power to consider the application of owelty, without regard to an agreement between the parties that he may do so. Owelty, like a division of the lands in kind, is within the broad equitable powers of the court in partition proceedings. The court will not be denied the exercise of its equitable powers in partition proceedings by the failure of all parties to agree that its inherent power may be so exercised. It may be the court will conclude that owelty is not practicable in the present case. We do not hold that owelty shall be applied here; we hold only that the court may consider its application in determining the rights of the parties in partition. The trial court, after a new appraisement under proper instructions to the commissioners, must determine if this is a proper case for invocation of the doctrine of owelty.

The various orders of the trial court are, in all other respects, supported by the record, and approved. We limit our consideration to the question of whether owelty obtains in Oklahoma, and is, therefore, available to the court in the exercise of its equitable powers. We hold that the doctrine of owelty obtains in partition proceedings. The parties who sought owelty are entitled to a judicial consideration of their application therefor. Since the trial court declined to consider owelty except by agreement of all parties, we reverse and remand to the trial court for further proceedings.

Reversed and remanded.

All the Justices concur.