Andrew C. CAIN, Plaintiff/Appellee

v.

Kenneth Smokie CHRISTIE; Calvin Crittenden; Lizzie Hummingbird England; Joe Young; Josephine Batt McMurrian; John Tidwell, Jr.; Milford Tidwell; Barbara Scott Nestell; Tom Scott; John Scott; Margie Scott Parks; Jerry Scott; Daniel Scott, Jr.; Charley Lee Scott; French Scott; Duane O'Ellis; Geselle Whited; Bobbie G. Scott Smith; Michael A. Scott; Nancy L. Scott; Huckleberry Scott; Pollie S. Nofire; Wynema Scott; David L. Scott; Pamela S. Wunghema; Mildred Scott Mellowbug; Joanna Scott Hester; George Scott; Edgar Scott; Richard Scott; Reba Highnite; Beverly Bunch; Kimberly Williams; Gary Leach; Krissa Scraper; Sue Bunch; Nathan Bunch; Patrena Bunch; Nelson Leach, FB Cherokee, NE; W.M. Shivers, the foregoing, if living or dead, and if dead, their successors, if any, Defendants/Appellants.

and

State of Oklahoma ex rel. Oklahoma Tax Commission, The unknown successors of Joy M. Cain, deceased; of Jennie Johnson, FB Cherokee No. 16530, deceased; Annie Scott, FB Cherokee No. 1489, deceased; of Wat Christie, 15/16 Cherokee No. 32589, deceased; of Sallie Scott then Batt, 7/8 Cherokee NE, deceased; of Jennie Scott, then Sapp, 7/8 Cherokee, NE, deceased; of Emma Scott Tidwell, 7/8 Cherokee NE, deceased; of

Jess Sapp, Cherokee NE, deceased; of Charley Young, FB Cherokee NE, deceased; of Elizabeth Johnson then Leach, then Christie, FB Cherokee No. 16531, deceased; of Daniel Scott, 3/4 Cherokee No. 1488, deceased; of Hickey Scott, 7/8 Cherokee M–879, deceased; of Annie Christie then Scott, FB Cherokee 21835, deceased; of Gladys Choate then Young, 5/8 Cherokee NE, deceased; of Daylight Batt, FB Cherokee M–2187, deceased; of Mary Hummingbird England, FB Cherokee NE, deceased; of Juanita England Crittenden, deceased; of Lincoln Scott, 7/8 Cherokee 1490, deceased; of Edna Bunch, 15/16 Cherokee NE, deceased; of Lula Scott, 15/16 Cherokee NE, deceased, Defendants.

No. 86807.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 18, 1997.

M. Sharon Blackwell, Kathleen R. Supernaw, Tulsa Field Office, Office of the Field Solicitor, United States Department of the Interior, Tulsa, for Defendants/Appellants.

Lloyd E. Cole, Jr., Stilwell, for Plaintiff/Appellee.

### MEMORANDUM OPINION

GARRETT, Judge:

Andrew C. Cain filed an action to quiet his title to two tracts of land.[1] The defendants

---

1. The southeast quarter of the northwest quarter of the northeast quarter (a 10 acre tract); and, the northwest quarter of the northwest quarter, and the northeast quarter of the southwest quarter of the northwest quarter (a 50 acre tract called Coon Mountain); all in Section 36, Township 16 North, Range 24 E.I.M. in Adair County, Oklahoma. A total of 60 acres.

were the heirs and successors of Jennie Johnson, deceased.[2] Cain alleged: (1) he and his wife acquired title, by grant, to an undivided one-sixth interest as joint tenants, (2) she is deceased, and (3) he is the surviving joint tenant. He claimed title to the other undivided five-sixths interest by adverse possession and prescription. It was undisputed that Cain and the Defendants [as owners of their undivided ⅚th's interest] were tenants in common.

Defendants are Indian heirs. Apparently, with only one exception, they are restricted Indians, but there is no issue in that respect. Their predecessor, Jennie Johnson, deceased, was a full-blood, enrolled Cherokee Indian. The land involved in this action was a portion of the lands allotted to her. The Indian defendants are represented by the United States, ex rel the Secretary of the Interior, acting through a duly authorized representative, the Area Director, Muskogee Area Office, Bureau of Indian Affairs.

In the trial court, Defendants filed a motion to dismiss. They alleged the petition failed to state a claim upon which relief could be granted. Cain apparently conceded the motion had merit. He filed an amended petition (1) to determine heirs and ownership, (2) to quiet title, and (3) for partition. In the amended petition he claimed title to an undivided one-sixth interest. Defendants elected not to remove this action to Federal Court. They concede the State Court has jurisdiction of this partition action, and State Law controls, because the Cherokees are one of the Five Civilized Tribes. In this connection they refer to "the Act of Congress of June 14, 1918," 40 Stat. 606.

In their answer and counter claim, defendants (1) alleged facts relating to determination of heirs and present ownership, (2) in effect conceded partition was proper, and (3)

specifically requested the court to direct the partition commissioners to allot Cain his portion of the land in kind, and to set the remainder over to defendants as tenants in common. See 12 O.S.1991 § 1507. Defendants did not contest Cain's right to partition. However, at all times, before the trial, when the case was tried, and after the trial, they contended, and in this appeal they continue to contend, that Cain should have his share of the land set over to him in kind, and the remainder should be set over to all of the defendants as tenants in common pursuant to their agreement.

The court entered judgment determining heirs and present ownership. Thirty eight persons were adjudged to own undivided fractional interests in this 60 acres. Two persons (Cain and one other) were held to own an undivided one sixth (ten acre) interest. Others own lesser interests, which, in size, if set over to them in kind, would range down to approximately 3080 square feet.[3] As to partition and partition commissioners the judgment provided:

IT IS FURTHER ORDERED that said premises are capable of being partitioned and a partition thereof is hereby ordered. IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the court that partition of said lands be made accordingly; that Carolyn Walkingstick, Ted Eversoll, and Marshall Ford are hereby appointed commissioners, and, upon taking the oath prescribed by law, shall proceed to make partition and report the same at the next term of this court.

The case was tried on July 26, 1995. The judgment was filed on August 22, 1995. The record does not contain an order appointing or instructing the partition commissioners other than that portion of the judgment just above quoted.[4] On September 1, 1995, De-

---

2. The State of Oklahoma ex rel Oklahoma Tax Commission was a party. OTC filed a disclaimer and the State is no longer an interested party.

3. One acre is 43,560 square feet. A ten acre tract contains 435,600 square feet. Each of the 4 sides of a square acre would be approximately 208.71 feet. The smallest interest is ⅞₉₄₀th's of 60 acres [an undivided 3080 sq. ft. interest]. Each of the 4 sides of a square tract containing 3080 sq. ft. would be approximately 55.5 feet.

4. A MINUTE—ORDER dated July 26, 1995, filed August 2, 1995, the trial court found: "That it is in the best interests of all the co-tenants that commissioners be appointed and proceed to partition or value and appraise the lands herein." That order contained findings but no adjudications. Plaintiff's attorney was directed to prepare a judgment in accordance with the findings. The MINUTE—ORDER was not a judgment. It was an announcement of the judgment. Even

fendants filed a motion to modify the judgment. As pertinent here, based on § 1507, supra, they requested the court to instruct the partition commissioners to allot Plaintiff the 10 acre tract as his separate property and to allot the 50 acre tract (Coon Mountain) to all of the Defendants as tenants in common. Also, Defendants asked the court to "award each party its own attorney fees and costs". By order dated December 13, 1995, and filed on January 10, 1996, the court denied Defendants' motion to modify.

The oath of commissioners was dated August 29, 1995, and filed on September 26, 1995. On September 26, 1995, the partition commissioners filed their "REPORT OF COMMISSIONERS". It was dated September 22, 1995, and, in part, provided:

> We found that partition of said property cannot be made in kind among the said parties according to their respective interests as determined and ordered by said order of the court herein, without manifest injury to said parties, and we have accordingly appraised and valued said property and premises at the sum of *Thirteen Thousand and no/100*— Dollars (*$13,000.00* ).

On October 16, 1995, two elections to take at appraised value were filed. One was filed by Cain, and the other was filed by the Defendant, Bobbie Gail Smith. On that same day, an objection to the report of commissioners was filed on behalf of the Defendants. Essentially, the objections to the report were: (1) the finding, that partition in kind was not possible without manifest injury to the parties, was clearly contrary to the weight of the evidence; (2) the appraised value was less than market value; and, (3) the report failed to state the value of the minerals.

The petition in error in this interlocutory appeal was filed on January 12, 1996. On January 19, 1996, the Supreme Court directed Appellants to show cause why this appeal should not be dismissed for lack of an appealable order. The order appealed is the trial court's order dated December 13, 1995, and filed on January 10, 1996, which denied Defendant's motion to modify the Journal Entry

of Judgment and Order for Partition filed August 22, 1995. The response was filed. Defendants relied on 12 O.S.1991 § 952(b)(2) and § 993(A)(3), as amended, together with other statutes, and numerous court decisions. On March 18, 1996, the Supreme Court entered an order that it was satisfied with its jurisdiction, and "this appeal may proceed".

The only issue presented for decision is whether the trial court properly refused to invoke the provisions of 12 O.S.1991 § 1507, supra, and properly refused to direct the commissioners to allot the 10–acre tract to Cain as his separate property and to allot the 50–acre tract to all of the Defendants in undivided shares as tenants in common. We hold the court erred.

 Partition is equity. Our standard of review is whether the district court's decision is either against the clear weight of the evidence, or is contrary to law. *Chesmore v. Chesmore,* 484 P.2d 516 (Okl.1971). It is well settled that the right to partition is absolute. It is equally well settled that partition in kind is strongly favored. The *Chesmore* Court, at page 518, said:

> Although the right to partition is absolute, partition proceedings are one of equitable cognizance, *Keel v. Keel,* Okl., 475 P.2d 393 (1970), and equitable principles apply. The lands will be partitioned among the parties where it can be equitably done; the property will not be sold and the proceeds divided, except where it is not susceptible of an equitable division. *Diehl v. Hieronymus,* Okl., 426 P.2d 368 (1967). Partition in kind is favored, and the court, for good and sufficient reasons, may direct the commissioners to allot a particular portion to any one of the parties. 12 O.S.1961, § 1507; *Keel,* supra; *Diehl, supra; Wilkerson v. Wilkerson,* 169 Okl. 232, 36 P.2d 935 (1934).

The *Chesmore* Court, in furtherance of the Oklahoma public policy favoring partition in kind, adopted the doctrine of owelty as defined by the Supreme Court of Kansas in *Sawin v. Osborn,* 87 Kan. 828, 126 P. 1074 (1912). While our Court said that "an absolute right" is not involved, it held that "the

so, this finding did not touch the issue being considered in this appeal.

doctrine of owelty may obtain in partition proceedings within this state". However, this is pointed out only to illustrate our public policy, because Defendants have waived any payment in that regard.

*Wilkerson v. Wilkerson*, 169 Okl. 232, 36 P.2d 935 (1934), was a partition case where several parties owned the land in undivided one-eighth and undivided one-sixteenth interests. Unlike the case being considered, the *Wilkerson* trial court had given detailed instructions to the partition commissioners. They were directed: "and if said commissioners find that it is impossible to partition said land equitably between all the heirs, then it is ordered that said commissioners proceed to partition one-eight (⅛th) of said land to Fletcher T. Wilkerson, as the remainder of the heirs can or are willing to own said land in common ...". The commissioners followed that instruction, and the Supreme Court, relying on § 755, O.S.1931 [now 12 O.S.1991 § 1507, supra] held the instruction and action of the commissioners to be proper, and the case was affirmed.

In *Keel v. Keel*, 475 P.2d 393 (Okl.1970) certain land was owned in common by the Keel family. The trial court ordered the land sold in lieu of partition in kind. The Supreme Court reversed. The commissioners testified they had not been instructed by the court that they could allocate one portion to the plaintiff and leave the remaining acreage in the three tracts involved in common ownership. One heir desired to own her share individually, and the others favored ownership in common of the remainder. Some of the heirs were absent, being presently unlocatable. The court said:

> It appears to us that the trial court should have exercised its statutory authority under 12 O.S.1961, § 1507, to direct the commissioners to allot to the plaintiff, Ada Keel, her fair share of the property here involved out of the eastern portion of the Leo Keel allotment, Tract 1, if they determined this could be done without manifest injury to any of the parties. That she should so be allotted her share was the common desire expressed by all those parties who testified at the hearing which resulted in the appointment of the commis-

sioners: The plaintiff, Ada Keel; the defendants, L.C. Keel and William Keel. Ida Keel and Minta Lee Hooten expressed a similar desire at the hearing on their objections to the report of the commissioners. The only dispute between Ada Keel and the defendants was as to what acreage from the Leo Keel allotment would be the equivalent of Ada Keel's fair share of the whole inheritance.

* * * * * *

It clearly appears from the record that the commissioners, had they been so instructed or directed, could and would have made a particular allotment to Ada Keel.

■ The two tracts involved here are "nearby" but are not contiguous. At their nearest point, they are approximately 1980 feet apart. The ten acre tract is surrounded by land formerly owned by Cain, and now owned by his son and son-in-law. There is no public road to either tract, but a private road goes across Cain's family's land to the 10–acre tract. The evidence at the trial indicates the market value of the 10–acre tract is, per acre, somewhat higher than the value, per acre, of the 50–acre tract. The 50–acre tract, called Coon Mountain, has an old, poorly maintained, Indian cemetery on it. The two-acre cemetery apparently was reserved by the Cherokee Nation. So, only 48 acres of the 50–acre tract are subject to partition. From time to time some of the heirs met on Coon Mountain to hunt and gather herbs.

The defendants agree to continue to own their part of the land in common, and they want to own the 50–acre tract subject to the rights of the Cherokee Nation to the cemetery. They want Cain to be partitioned the 10–acre tract as his portion, even though [they contend] it is more than ⅛th of the total value. Cain rejects the idea that he could have the 10 acres individually, but he makes no other selection in kind. In spite of his contention to the contrary, we may only conclude that his objective is to acquire title to the entire 60 acres by purchase.

It is obvious that partition in kind, with each and every one of the owners acquiring a tract, is impossible. It is just as obvious that partition in kind may be accomplished by

giving the 10–acre tract to Cain, and the other 50–acre tract to all of the others in common pursuant to their request. Under the evidence, there is no other equitable method to accomplish partition in kind.

We hold it was error for the trial court to refuse Defendant's request that the commissioners be instructed to set the 10–acre tract over to Cain as his separate property, and that the 50–acre tract be set over to all of the other owners as tenants in common. The order for partition is contrary to the clear weight of the evidence and is contrary to law.

The judgment as to ownership is not at issue and is not disturbed. The order for partition is reversed, and the report of commissioners is vacated. This case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

JONES, P.J., and ADAMS, C.J., concur.