2002 OK CIV APP 105

**J. Ladon DEWRELL and Carol A. Dewrell, husband and wife, Plaintiffs/Appellees,**

v.

**Kathleen R. LAWRENCE, Defendant/Appellant.**

**No. 96,261.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 27, 2002.

Ted W. Haxel, Purcell, For Plaintiffs/Appellees.

Tommy L. Sims, Lawton, For Defendant/Appellant.

## OPINION

CARL B. JONES, Judge:

¶ 1 This action was brought by J. Ladon Dewrell and Carol A. Dewrell (Dewrells), Appellees, for partition of 45 acres of land owned in undivided interests one-half by the Dewrells and one-half by Kathleen R. Lawrence (Lawrence), Appellant. The Dewrells and Lawrence are unrelated business partners who jointly purchased significantly improved property north of Lexington, Oklahoma (Ranch) and certain personal property located thereon. The Dewrells paid $225,000.00 cash for their undivided one-half interest. Lawrence contributed $100,000.00 of her own cash and borrowed the remaining $125,000.00 from the Dewrells under a promissory note and mortgage.

¶ 2 The Ranch has approximately 743 feet of frontage on Highway 77 and is improved with a small house, a large main barn and office, a climate controlled "show barn" used for high value show horses, a hay barn, a training track, outer and inner fencing, pipe and cable working pens and arenas. Lawrence resides on the Ranch and operates a horse breeding and showing business thereon. The Dewrells are Florida residents and do not intend to live in Oklahoma.

¶ 3 Lawrence agreed to the partition. The trial court appointed three commissioners and instructed them "to make partition of the property among the parties according to their respective interests, if such partition can be made without manifest injury." The trial court further instructed "[i]f partition cannot be made, the [c]ommissioners shall make a valuation and appraisement of the property." The commissioners reported that partition in kind could not be made according to the parties respective interests without manifest injury to the parties and they appraised the property.

¶ 4 Lawrence filed her exception to the commissioners' report urging the land can be partitioned in kind, and if not so partitioned, Lawrence would suffer "grave manifest injury." Lawrence suggested the trial court resubmit the matter to the commissioners with instructions to partition the Ranch into various tracts of uneven sizes and values so the court may allot a parcel to Lawrence thereby providing her with a place to live and maintain her livelihood. The Dewrells requested the trial court to approve the commissioners' report and order the property sold "on the courthouse steps."

¶ 5 The cause was tried with both parties presenting witnesses and documentary evidence. Lawrence testified she desired 10-acres with 343 feet of frontage and the show barn and she suggested the remaining 35-acres and improvements thereon be allotted to the Dewrells. Lawrence desired that the trial court make the necessary adjustments, under the doctrine of owelty, to balance the monetary value of the property allocated to each party.

¶ 6 Mr. Dewrell testified the Ranch is a beautiful showplace and every acre is needed to facilitate the use and utility of the improvements on the Ranch. He testified he would not recover his investment from the 35-acres because this tract was located in the flood plain and had only approximately 400 feet of frontage. Mr. Dewrell testified he wanted the property sold so that the parties can equally profit or suffer their proportionate loss on the Ranch.

¶ 7 All three commissioners testified that based on their instructions to partition according to the parties respective one-half interests and the character, location, frontage and improvements of the ranch, it could not be partitioned in kind without manifest injury. Commissioner Fred Nolen testified the commissioners considered it inequitable to divide the ranch into one-half interests of unequal value. However, he also testified that had the commissioners been provided with different instructions permitting the division of the ranch into unequal allotments,

then their opinion might have been different. On cross-examination, Commissioner Nolen agreed that to divide the ranch into a 10–acre and a 35–acre allotment would diminish the whole tract. But, on re-direct, Commissioner Nolen contradicted his earlier testimony by confirming he could not state with certainty, and without a lot of work and re-appraisal, that partitioning the ranch in unequal allotments would have a diminishment on the value of the ranch. Commissioner Ron Wilhite testified he was in accord with Commissioner Nolen. On cross examination, commissioner George Musgrave testified the commissioners decided the ranch could not be divided because of "complications," such as barns, houses and fences. On re-direct, commissioner Musgrave was asked if he had different instructions to divide the ranch in unequal allotments, was possible to do so without the parties suffering a dollar loss? He replied, "anything's possible."

¶ 8 Upon conclusion of trial, the trial court found the Ranch was overbuilt with tremendous improvements and any attempt to equalize the partition value by cutting out a piece of the Ranch would diminish the value of the whole property. The trial court also openly questioned whether it was legally possible to instruct the commissioners to specifically appraise to partition in kind without the parties agreeing to it and prior to the commissioners rendering an initial report and opinion that the property can be partitioned in kind. The trial court announced it must place great factual deference on the opinion of the commissioners that the ranch could not be partitioned in kind. The trial court denied Lawrence's exception, approved the commissioners' report and ordered the land sold. Lawrence filed a motion for new trial which was denied and this appeal ensued.

¶ 9 We begin with an analysis of the applicable law. Partition proceedings are governed by 12 O.S.2001 § 1501.1 et seq. The right to partition is absolute and the proceeding is one of equitable cognizance; therefore, equitable principals apply. *Chesmore v. Chesmore*, 1971 OK 49, ¶ 6, 484 P.2d 516, 518. "The prevailing rule is that as between partition in kind or a sale of the land and division of the proceeds, the courts and statutes favor a partition in kind, if it can be accomplished without manifest injury to the parties." *Diehl v. Hieronymus*, 1967 OK 79, ¶ 10, 426 P.2d 368, 370–371.

¶ 10 Lawrence raised five propositions of error. We find proposition III to be dispositive, therefore, we will not address the other allegations of error. Lawrence urges the trial court erred when it determined that after the commissioners' initial report had been submitted, and absent the parties' agreement, it did not have the authority to resubmit the matter to the commissioners with instructions to determine if the ranch could be partitioned in unequal tracts.

¶ 11 The Dewrells' concede the trial court openly questioned its authority to resubmit the matter to the commissioners with new instructions to partition the Ranch into separate tracts absent an agreement of the parties and/or a finding by the commissioners or the trial court that the Ranch could be partitioned in kind. However, they contend the trial court was aware of its authority to resubmit the matters to the commissioners, after exception is filed, if the trial court determined a partition in kind was supported by the evidence. They urge the trial court properly determined partition in kind was not supported by the evidence; therefore, it had no reason to resubmit the matter to the commissioners.

¶ 12 Our standard of review in a partition action is whether the trial court's decision is either against the clear weight of the evidence, or is contrary to law. *Cain v. Christie*, 1997 OK CIV APP 7, ¶ 14, 937 P.2d 119, 122. After reviewing the evidence in the record, we find the trial court erred when it failed to exercise its authority and consider re-submitting this matter to the commissioners under new instructions to allot unequal portions of the Ranch to the parties and invoke the doctrine of owelty. *Id.* at ¶ 13.

¶ 13 Title 12 O.S.2001 § 1507 specifically authorizes that "[f]or good and sufficient reasons appearing to the court, the commissioners may be directed to allot particular portions to any one of the parties." In such event, the doctrine of owelty is avail-

able to the trial court in the exercise of its equitable powers, and the party who sought owelty is entitled to a judicial consideration of her application for same. *Chesmore,* 1971 OK 49 at ¶ 8, 484 P.2d at 519. The Oklahoma Supreme Court explained:

> I[n] making divisions along natural and practical lines the allotments cannot always be made of equal area or value, and, when an allotment is made to a party which is in excess of his share, the court may require him to pay such excess, which is called owelty, to the other co-tenants. It would seem more equitable, in a proper case, to require the payment or receipt of a reasonable sum of money than to require lands to be sold as a whole, where a proportionately small sum is required to equalize the shares. The object of partition is a division of the property; a sale of the lands is justified only when partition in kind, with or without owelty, is impractical.

*Chesmore* at ¶ 6, 484 P.2d at 518–519 (citations omitted).

¶ 14 The trial court was concerned that it could not resubmit this matter for appraisal of unequal allotments *unless the parties agreed. Chesmore* explains the trial court's error:

> The general rule of equity requiring the payment of owelty does not give defendants an absolute right to receive a share of the land set off to them in kind and pay owelty to equalize the shares awarded to plaintiffs. The rule does give the court the power to consider the application of owelty, without regard to an agreement between the parties that he may do so. Owelty, like a division of the lands in kind, is within the broad equitable powers of the court in partition proceedings. The court will not be denied the exercise of its equitable powers in partition proceedings by the failure of all parties to agree that its inherent power may be so exercised.

*Id.* at ¶ 7, 484 P.2d at 519 (citations omitted).

¶ 15 The commissioners should have been instructed by the trial court to consider whether an allotment of a particular portion of the ranch to Lawrence along with owelty could be accomplished without manifest injury to the parties. The trial court still has the discretion to determine Lawrence's desired 10–acre allotment along with owelty is not practicable or equitable. Accordingly, we reverse and remand to the trial court for further proceedings consistent with this opinion.

¶ 16 We are asked to award the Dewrells their appeal-related attorney fees pursuant to Rule 1.14(b), Oklahoma Supreme Court Rules, 12 O.S.2001, Ch. 15, App.; 12 O.S.2001 § 696.4(c) and 12 O.S.2001 § 1515. "Whenever there is statutory authority to award attorney fees in the trial of a matter, additional fees may be allowed (to the prevailing party) for legal services rendered in the appellate court." *Sisney v. Smalley,* 1984 OK 70, ¶ 20, 690 P.2d 1048, 1051 (parenthesis in original).

¶ 17 We note § 1515 provides:

> The court making partition shall tax the costs, attorney's fees and expenses which may accrue in the action, and apportion the same among the parties, according to their respective interests, and may award execution therefore, as in other cases.

¶ 18 Assuming arguendo § 1515 mandated an award of appeal-related attorney fees to a prevailing party in a partition action, the Dewrells would not be considered "prevailing parties" in this appeal. The Dewrell's request for appeal-related attorney fees is denied.

¶ 19 REVERSED AND REMANDED; MOTION FOR APPEAL–RELATED ATTORNEY FEES DENIED.

JOPLIN, V.C.J., and BUETTNER, J., concur.