IN THE MATTER OF THE ESTATE OF OAKLEY
2024 OK CIV APP 24
Case Number: 120634
Decided: 06/26/2023
Mandate Issued: 10/24/2024
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2024 OK CIV APP 24, __ P.3d __

 

IN THE MATTER OF THE ESTATE OF MERIN J. OAKLEY, SR. a.k.a. MERIN J. OAKLEY, Deceased, MEKA OAKLEY, Appellant,
v.
CHRISTOPHER OAKLEY, Appellee.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE KURT G. GLASSCO, TRIAL JUDGE

AFFIRMED

Bryan J. Nowlin, HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Tulsa, Oklahoma, for Appellant,

Robert W. Giles, GILES LAW, P.C., Jenks, Oklahoma, for Appellee.

THOMAS E. PRINCE, PRESIDING JUDGE:

¶1 Appellant, Meka Oakley, appeals an Order Allowing Final Account, Determining Heirship, Final Decree of Distribution and Discharge entered by the trial court which included an Order denying Appellant's Motion for Summary Judgment and Motion to Admit Decedent's Holographic Last Will and Testament. The trial court refused to admit the holographic will to probate after the Parties stipulated to a report prepared by a handwriting expert who indicated that two letter "A's" included in the holographic will were not written by the decedent. We have reviewed the record, the briefs, and applicable law, and find, in accordance with 84 O.S. § 54

BACKGROUND

¶2 Merin J. Oakley, Sr., passed away on July 13, 2018, and was survived by nine children. Appellant filed a Petition for Probate of Will and for Determination of Identity of Heirs, Devisees and Legatees on February 20, 2019. In the Petition, Appellant alleged that the decedent left a Last Will and Testament dated February 9, 1987, which allegedly was superseded by a holographic Last Will and Testament dated February 8, 2009.

I know the conversations I've had with him, you know. And I know that our conversations that my other siblings have also shared with me about him, and they all contradict each other, you know.

The holographic will consists of one page and is dated February 8, 2009. The document also is in the decedent's handwriting, save and except for the two letters "A" that are bolded in the following partial quote from the document:

Supersede

I, Merin James Oakley Sr. Bequest, Leave all real estate in Muskogee County & Tulsa to Merin James Oakley II [,] Mario J. Oakley, Merina J. Oakley [sic] Joint, [sic] owners Also [sic] any Inheritance Land [sic].

1. Christorpher [sic] Va'Shaun, - A

2. Frank M. Oakley A Dollar

3. Teela M. Frazier, A Dollar

4. Micheal J. Oakley A Dollar

These Four children does [sic] not get Any Real Estate.

***

At the conclusion of the hearing on March 19, 2019, the trial court stated on the record, in part, that:

The Court does not have a firm belief as to the trustworthiness and the reliability of Petitioner's [Exhibit] 1 [i.e., the holographic will]; and, therefore, declines to admit the holographic copy.

The Court has reviewed the self-proving document of Mr. Oakley. It meets all the requirements of admissibility. It is signed in the presence of two witnesses on February 9, 1987.

***

And I will admit the '87 Will. . . .

In its Order dated March 27, 2019, the trial court journalized the rejection of the holographic will to probate and specifically found that it did "not meet the requirements of proof of a lost or destroyed will as set forth in 58 O.S. § 82

¶3 On January 15, 2021, Appellant filed a "Motion for Interpretation of February 9, 1987 Last Will and Testament". On September 13, 2021, Appellant re-urged the admission of the holographic will to probate. She filed on that date a Petition to Admit Holographic Will Dated February 8, 2009, on the basis that the original version of the holographic will had been located. On February 10, 2022, Appellant filed a Motion for Summary Judgment in Support of Admitting to Probate Decedent's February 8, 2009, Holographic Last Will and Testament. Appellant urged the trial court to adopt the substantial compliance doctrine and accept the holographic will even though two letters included in the holographic will were not in decedent's handwriting. Appellee filed a Counter-Motion for Summary Judgment on February 22, 2022. A hearing was held on the same day that the Counter-Motion for Summary Judgment was filed.

¶4 At the February 22, 2022, hearing, the Parties stipulated to the contents of a report prepared by a handwriting expert, Arthur Linville. According to Mr. Linville's report, the holographic will was written entirely by the decedent in his handwriting with the exception of two letter "A's" appearing on two lines of the holographic will immediately before the word "Dollar". The trial court denied the Motion for Summary Judgment but, after considering argument of counsel, stated on the record, in part, that:

The Court having considered the authority that is presented, and having heard the argument of Counsel, and the affidavit of the stipulated expert, Arthur Linville, finds that the Exhibit 1 of the purported Holographic Will, dated February 8th, 2009, should not be admitted, and it is not admitted.

That the prior Will, with the formalities drafted by Mr. Hendrix that was admitted on March 19th, 2019, remains admitted.

The trial court determined that the decedent's assets would pass according to his Last Will and Testament dated February 9, 1987, with certain provisions for pretermitted heirs. On July 20, 2022, an Order Allowing Final Account, Determining Heirship, Final Decree of Distribution and Discharge was entered by the trial court. Appellant timely commenced this appeal.

STANDARD OF REVIEW

¶5 Proceedings to admit a will to probate are in the nature of an equitable action and, on appeal, the decision of the trial court concerning issues of fact will not be disturbed unless it is clearly against the weight of the evidence. See In re Paull's Est., 1950 OK 8254 P.2d 357Barth v. Barth, 1995 OK CIV APP 83901 P.2d 232See In re Bennett's Estate, 1958 OK 97324 P.2d 862In the Matter of the Estate of Shaw, 2004 OK CIV APP 3890 P.3d 588de novo. PNC Bank v. Unknown Successor Trustees, 2020 OK CIV APP 60479 P.3d 238De novo review involves a plenary, independent, and non-deferential review of the trial court's legal rulings. Id. 

ANALYSIS

¶6 Appellant's Br.-in-chief includes two numbered propositions of error.84 O.S. § 54after a valid will has been admitted to probate. We find that the trial court reached the correct result for the correct reason.

¶7 Title 84 O.S. § 54entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this State, and need not be witnessed." 84 O.S. § 54Accident Care and Treatment Center v. CSAA General Insurance Co., 2021 OK CIV APP 3483 P.3d 1Id. (citation omitted). Here, the undisputed evidence demonstrates that the holographic will was not entirely written by the hand of the decedent himself. Therefore, we find that the trial court did not commit error when it applied the plain language of 84 O.S. § 54

¶8 At her second proposition, Appellant states that a number of jurisdictions have applied the rule of surplusage to holographic wills and that generally, the rule of surplusage provides that additional material in a holographic will which is not in the testator's writing may be stricken as harmless if the remaining portions constitute a valid holographic will. She claims that Oklahoma has adopted the rule of surplusage in the instance of extraneous letterhead and witness signatures in In re Bennett's Estate, 1958 OK 97324 P.2d 862Hartman v. Perdue, 1961 OK 292365 P.2d 16384 O.S. § 54

CONCLUSION

¶9 The undisputed facts demonstrate that the holographic will was not entirely written by the decedent. Therefore, in accordance with the terms of 84 O.S. § 54

BELL, J., concurs and MITCHELL, C.J., dissents.

FOOTNOTES

 

 

 

 

MITCHELL, C.J., dissenting:

¶1 The majority holds that two capital letters "A" added to the will by an unknown party, but which do not alter the meaning of the provisions in which they appear, render the will invalid. I do not agree that a holographic will should be denied admission for failing to strictly comply with 84 O.S. §54See Hartman v. Perdue, 1961 OK 292365 P.2d 163In re Bennett's Estate, 1958 OK 97324 P.2d 862In re Hail's Estate, 1923 OK 689235 P. 916

¶2 The two letters "A" added to the will were completely immaterial to the will and not alleged to be fraudulent. Their presence in no way altered Testator's clearly expressed intentions. As our appellate courts have held many, many times, the cardinal rule or primary purpose in construing a will is to ascertain and give effect to the intention of the testator.84 O.S. §54

FOOTNOTES

E.g., Estate of Sneed, 1998 OK 8953 P.2d 1111Estate of Eversole, 1994 OK 114885 P.2d 657Estate of Flowers, 1993 OK 1146, 848 P.2d 1146Lomon v. Citizens Nat. Bank, 1984 OK 68689 P.2d 306Estate of Westfahl, 1983 OK 119674 P.2d 21Estate of Smith v. Williams, 1983 OK 118Matter of Bovaird's Estate, 1982 OK 48645 P.2d 500Miller v. First Nat. Bank, 1981 OK 133637 P.2d 75Bridgeford v. Chamberlin's Estate, 1977 OK 206573 P.2d 694